## 5101.   PEEPLES *v.* FELTON.

1. In a trover case a money verdict for the plaintiff is not warranted where the value of the property alleged to have been converted does not appear from the evidence.
2. It was error for the court to charge, "If you find for the plaintiff, your verdict will be, 'We, the jury, find in favor of the plaintiff' so many dollars and cents, and so much hire."

DECIDED NOVEMBER 25, 1913.

Trover; from city court of Nashville—Judge Cranford presiding. June 21, 1913.

*Knight, Chastain & Gaskins,* for plaintiff in error.
*Hendricks & Hendricks,* contra.

Roan, J. This was an action of trover, brought by Love Felton against T. M. Peeples, to recover a load of shingle machinery described in the petition, and alleged to be of the value of $1,700. The plaintiff testified that this property had been delivered to the defendant for use by him in the firm of Felton & Peeples, a former partnership composed of plaintiff and defendant; that the title to the property was in the plaintiff, and that the defendant converted the property to his own use wrongfully, and refused to deliver it to the plaintiff on demand. The defendant contended that on the formation of the partnership the plaintiff put this property into the firm as a part of the assets thereof, and it became firm property; that many debts of the firm remained unpaid, and the plaintiff should not recover the property as his individual property and enjoy it free from these debts. The plaintiff elected to recover the market value of the property and hire. The verdict was for $750, and $25 per month rental from March 1, 1911. A motion for a new trial was made by the defendant on the usual general grounds, and upon the additional grounds, (1) that the following charge of the court was prejudicial to the movant's case, "and tended to prevent the jury from having the right to pass upon both questions of the case, i. e., as to whom the property in question belonged, and whether or not movant was liable for hire," to wit: "If you find for the plaintiff, your verdict will be, 'We, the jury, find in favor of the plaintiff' so many dollars and cents, and so much hire; if not, 'We, the jury, find in favor of the defendant;'" and (2) that the court in its charge instructed the jury that they could find the market value of the property for the plaintiff, if they found for the plaintiff, to wit: "If you think the plaintiff is entitled to recover, he would be entitled to recover the market value of the property and hire."

Upon an examination of the evidence we hold that the ground that the verdict is contrary to evidence and without evidence to support it is well taken, for nowhere in the evidence does it appear what the market value of this property was at the time of the alleged conversion, or at any time from the alleged conversion up to the time of the trial. As it seems from the record that the plaintiff elected to take a money verdict, and there being no evidence in the record as to the value of the property, except the defendant's testimony that it was not worth $500, the verdict is

not warranted by the evidence. The plaintiff testified that he had alleged in his pleadings that the property was worth $1,700, but nowhere in his testimony did he state what it was worth. One of three verdicts can be rendered for the plaintiff where he prevails in an action of trover. Upon his election he may have a verdict for the property sued for itself, or for the highest proved value of the property at the time of its conversion, with hire, or for the highest proved value of the property at any time between the conversion and the trial, without interest or hire. Civil Code, § 5930.

The exception to the instruction, "If you find for the plaintiff, your verdict will be, 'We, the jury, find for the plaintiff,' so many dollars and cents, and so much hire," seems to have been well taken. The instruction should have been qualified by charging that if the jury found for the plaintiff, their verdict should be for so many dollars and cents, as the evidence might authorize them to find as the value of the property at the time of conversion, and so much for hire. And if the judge intended to instruct the jury as to the right to find a verdict for the plaintiff based on the highest value of the property between the time of the conversion and the time of the trial, then hire or interest should have been eliminated from his charge. *Jaques* v. *Stewart*, 81 *Ga.* 81 (6 S. E. 815).

<em>Judgment reversed.</em>