### 8130. WHITE *v.* McWHORTER.

JENKINS, J. Where in a suit in bail trover the plaintiff elected to take a money judgment, and where the clear intendment of his evidence as to the value of the property sued for necessarily related to such value at the time of the conversion, and his evidence as to its worth for hire related to the period from the date of conversion to the trial, the former amount being the same as the value alleged in the suit, and the latter amount a sum less than therein named, and where such testimony of the plaintiff constituted the entire evidence in the case; and where the money verdict in lieu of the property was for a sum less than the amount testified to, and the verdict for hire was in the amount sworn to, the defendant can not complain on the ground that the verdict was "contrary to law and the principles of justice and equity;" and it was therefore error for the trial judge to order the grant of a new trial unless the plaintiff should within ten days write off from the verdict the $15 found for hire of the property sued for. Civil Code of 1910, § 5930; *Peeples* v. *Felton*, 14 *Ga. App.* 5, 7 (80 S. E. 21) ; *O'Neill Mfg. Co.* v. *Woodley*, 118 *Ga.* 114 (44 S. E. 980). The evidence demanded the verdict and a new trial should have been refused.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*
DECIDED JUNE 14, 1917.

Trover; from Haralson superior court—Judge Bartlett. April 10, 1916.

*Griffith & Matthews,* for plaintiff.
*Lloyd Thomas,* for defendant.