27671. MORTGAGE COMMISSION SERVICING CORPO-RATION *v.* BROCK.

696

Decided September 29, 1939.

John M. Slaton, James J. Slaton, for plaintiff in error.

George & John L. Westmoreland, contra.

Sutton, J. The question presented for decision is whether or not the trial court erred in overruling the general demurrer of the defendant, Mortgage Commission Servicing Corporation, to a petition filed by Mrs. H. E. Reynolds Brock to recover damages because of injuries sustained by her on the premises of the defendant. The petition as amended alleged in substance that on August 1, 1937, the defendant owned an apartment house known as 790 Myrtle Street in the City of Atlanta, and that through its agent, Draper-Owens Company, it invited the plaintiff, along with the general public, to visit said apartment-house for the purpose of inspection with a view to renting an apartment therein, the basis of the alleged invitation being an advertisement which the agent inserted in the Atlanta Journal, a newspaper, on Sunday morning, August 1, 1937. The advertisement, a copy of which was attached to the petition, was headed "Apartments—Unfurnished," and listed fifteen apartments, among which was the following: "790 Myrtle St., Apt. 8, 5 rooms, 2 bedrooms, gas stove, electric refrigerator (current furnished), and garage, 50.00." At the bottom of the advertisement appeared the name of the agent, its address, 521 Grant Building, and its telephone number Wa. 9511. It was further alleged, that the plaintiff, having seen the advertisement, did, on Sunday evening of the same date, about 7:45 o'clock, go to the apartment property to inspect the apartment No. 8 which was advertised; that she was not familiar with the prem-

ises; that there are two sets of stairs in said building, and she proceeded up the front stairs to reach the second floor on which apartment No. 8 was located; that when she reached the second floor there was no light burning in the hallway; that it was not quite dark, being between twilight and dark, and she was unable to see the numbers on the doors of the apartments, and her companion struck a match to see the numbers on the doors; that, discovering that she was in front of apartment No. 7, the plaintiff proceeded across the hallway to locate apartment No. 8, and discovered that a note was pinned on the door of said apartment, but it was so dark in the hallway she could not read the note, and started to proceed towards a small window which opened at the end of the hallway; that from the place where she stood at the doorway on the side where the bell and the handle of the knob of said apartment were located she took one step toward the said window and immediately began to fall down the rear steps leading from the second story of the building to the first floor thereof; that she did not know that the said steps were there, and could not and did not see the same on account of the insufficient light in the building, and there was no electric light or other artificial light at or near the place where she fell; that the said step-off, so close to the doorway or entrance of said apartment, constituted a dangerous trap; that the defendant knew that the steps which descended so rapidly and started so closely to the said entrance constituted a dangerous trap; that the said steps consisted of approximately eight or ten steps, leading directly from the second-floor landing, and then curved and turned and continued with six or eight other steps to the first-floor landing; that there was no railing or other object on said steps upon which she could put her hand or catch hold of to prevent or stop her from falling down the steps; that the defendant did not keep and maintain any railing, gate, or other obstruction to prevent her from falling down said steps because of their unsafe and close proximity to the entrance to said apartment No. 8; that she was injured and damaged in certain described particulars; and that the defendant was negligent (a) in having the said stairway constructed in such a way that it came in such close proximity to the doorway or entrance to said apartment, which plaintiff was invited to inspect, and (b) in maintaining a dangerous trap on said premises without warning plaintiff of its dangerous condition.

It is contended by the plaintiff in error that there was no invitation; that if there was an invitation it could apply only within reasonable hours; that the invitation, if any, was that the plaintiff call on the agent at 521 Grant Building, or telephone the agent at Walnut 9511, if she was interested in renting the apartment; that the agent could not have anticipated that the plaintiff would call in the dark to inspect the premises on Sunday night; that when the plaintiff found that the hall was dark she knew there was no opportunity for inspection, and ought to have desisted and have gone back down the same staircase; that the plaintiff found that the door to apartment No. 8 was shut and she could not inspect it, and she ought to have gone back down the steps; that there was no obligation on the defendant to light the premises for inspection of a closed apartment; that the plaintiff was guilty of gross negligence in wandering about in a dark hall at night in a place with which she was unacquainted; that she might reasonably have anticipated that there were steps leading down for use of servants for bringing in and sending out heavy articles which could not be brought up the front steps which the tenants were in the habit of using; and that there could be no negligence on the part of an owner in the construction of his building to guard against such acts as the plaintiff by her petition admits she performed.

As stated by counsel for both parties, the present case seems to be without precedent under its facts. It is contended by the plaintiff that she was invited to inspect a certain apartment and sustained injuries through the alleged negligence of the owner, and the basis of the alleged invitation is an advertisement which the owner caused to be inserted in a newspaper issued on the morning of the Sunday on which she was injured at night. It is contended by the defendant that the advertisement could not reasonably be construed as an invitation, and that at the time of her injury the plaintiff was at most a licensee, to whom the duty owed by the defendant was only that it should not wilfully cause her harm, and that the petition shows that her negligence in wandering about the building after she had ascertained the location of the apartment and found that she could not enter it for inspection was the proximate cause of her injury. The duty owed by an owner of premises to a licensee is quite different from that owed to an invitee. "Where the owner or occupier of land, by express or implied invitation,

induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. "This section places upon such owner or occupier of land the duty to exercise ordinary care, for the safety of his invitees, in discovering defects or dangers in the premises or instrumentalities thereon, and imposes a liability for injuries resulting from such defects as a reasonable inspection would disclose. . . Such owner or occupier of land is liable for a failure to warn his invitees of dangers or defects in such premises or instrumentalities, of which he knew or of which it was his duty to know in the exercise of ordinary care." *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (116 S. E. 57). The advertisement, while not expressly extending an invitation to the public to inspect the premises, is by the plaintiff averred to be an implied invitation. "An implied invitation is one which is held to be extended by reason of the owner doing something or permitting something to be done which fairly indicates to the person entering that his entry and use of the property is consistent with the intents and purposes of the owner. . . The duty to keep the premises safe for invitees extends to all portions of the premises which are included within the invitation and which it is necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended, and at which his presence should therefore reasonably be anticipated, or to which he is allowed to go. . . If the invitee does not go beyond that part of the premises to which, as the situation reasonably appears to him, the invitation extends, he can not be held to have become a mere licensee because, as a matter of fact, the purposes of the invitation could have been fulfilled without going on such part of the premises." *Coffer* v. *Bradshaw,* 46 *Ga. App.* 143 (167 S. E. 119) ; *Georgia Power Co.* v. *Sheats,* 58 *Ga. App.* 730, 737 (199 S. E. 582). "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon for his own interest, convenience, or gratification." *Petree* v. *Davison-Paxon-Stokes Co.,* 30 *Ga. App.* 490, 492 (118 S. E. 697) ; Code, § 105-402. "The general test as to whether a person is an invitee or a licensee is

whether the injured person at the time of the injury had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the benefit of the two, or to that of the owner, no invitation may be implied, and the injured person must be regarded as a licensee." (Citing.) *Cook* v. *Southern Railway Co.,* 53 *Ga. App.* 723, 725 (187 S. E. 274); *Cobb* v. *First National Bank,* 58 *Ga. App.* 160, 163 (198 S. E. 111). "There is a clear distinction between a 'license' and an 'invitation' to enter premises, and an equally clear distinction as to the duty of the owner in the two cases. An owner owes to a licensee no duty as to the condition of the premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril, or wilfully cause him harm; while to one invited he is under obligation for reasonable security for the purposes of the invitation." *Smith* v. *Jewell Cotton-Mill Co.,* 29 *Ga. App.* 461 (116 S. E. 16), and cit. A licensee must take the premises as he finds them. *Jones* v. *Asa G. Candler Inc.,* 22 *Ga. App.* 717, 720 (97 S. E. 112); *Rawlins* v. *Pickren,* 45 *Ga. App.* 261 (164 S. E. 223).

The advertisement relied on by the plaintiff is free from ambiguity, and its meaning must be determined by this court. Clearly it contains no express invitation to the public to inspect any of the premises listed in the advertisement, and candor requires the view that it holds out no implied invitation. It merely calls the attention of the reader to the fact that certain unfurnished apartments are available for leasing. Among the listings is "790 Myrtle St., Apt. 8, 5 rooms, 2 bedrooms, gas stove, electric refrigerator (current furnished) and garage 50.00." There is not in the advertisement, at its beginning or at its end, any statement from which the implication could reasonably be drawn that any interested party was at liberty to proceed on Sunday, or at any other time, to inspect the apartments. The advertisement carries below its subject-matter the words, "Draper-Owens Co., Realtors," following which is an address, "521 Grant Bldg.," and a telephone number, "Wa. 9511." The only reasonable construction to be placed upon it is that the owner, through its agents, was informing the public of certain premises which were available for leasing

at named rentals, and that if any one was interested he was invited to communicate with Draper-Owens Co., who were located at 521 Grant Building, and whose telephone number was Wa. 9511. The defendant in error contends that the placing of the advertisement in a Sunday newspaper supports, if not compels, the view that it carried an implied invitation to the public to inspect the premises on that day; that the fact that the office of Draper-Owens Co. was not open for the transaction of business on Sunday negatives the idea that the reader could not reasonably inspect any of the apartments on that day but should come to its office and make arrangements. We do not think, however, that the fact of publication on Sunday militates at all against the view we entertain. It is common knowledge that newspaper advertising is most extensive on Sunday, and is a medium of inducing a maximum of readers to seek out the advertisers on the following week-days. The insertion of the particular advertisement without an express invitation does not, therefore, carry with it the implication that the reader was invited to inspect the premises without first communicating with the Draper-Owens Co., who were located at 521 Grant Building and whose telephone number was Wa. 9511. It is unfortunate that the plaintiff misconceived the import of the advertisement and was injured on the premises of the defendant, but she can not recover damages on any theory that she was an invitee, express or implied. Nor does the petition show any right to recover as a licensee. It is not shown that the defendant knowingly let her run upon a hidden peril or wilfully caused her harm; and taking the premises as she found them, she can not be heard to complain that she was injured by reason of the alleged unsafe condition of the same. It follows that the petition did not set forth a cause of action, and that the court erred in overruling the general demurrer. *Judgment reversed. Felton, J., concurs.*

STEPHENS, P. J., dissenting. I can not concur in the conclusion that the petition fails to set out a cause of action, and that the court erred in overruling the general demurrer thereto. The advertisement, inserted in a Sunday newspaper, giving the number and location of the apartments which the defendant was advertising for rent, under the conditions alleged in the petition, constituted an invitation to the public to visit the apartment-house and inspect the apartments, unaccompanied by the defendant and

without previously communicating with the defendant. The petition contains sufficient allegations of negligence on the part of the defendant in failing to have the premises safe for a person, as the plaintiff going upon the premises as an invited person under the invitation extended in the advertisement.