## 36194. TINGLE v. KELLY.

DECIDED JULY 5, 1956.

*Geo. Starr Peck,* for plaintiff in error.

*MacDougald, Feagin & Williams,* contra.

FELTON, C. J. A verdict was not demanded for the defendant; therefore, the court did not err in overruling the motion for a judgment notwithstanding the mistrial. While the plaintiff testified as to the total value of the aggregate of the items, the defendant testified as to the value of certain individual items of the furniture. The jury was authorized to find that the plaintiff was entitled to recover at least as to these items and was authorized to place on them the value as testified to by the defendant. Where the evidence authorizes a verdict for the plaintiff in some amount, a motion for a judgment notwithstanding the mistrial is without merit. See *King* v. *Loeb,* 93 *Ga. App.* 301 (1) (91 S. E. 2d 532).

*Peebles* v. *Felton,* 14 *Ga. App.* 5 (1) (80 S. E. 21) is not applicable in the instant case. There the defendant's testimony as to the value of the property sued for was that "it was not worth $500." The court properly held that this was not testimony as to the value of the property sued for. In this case the defendant did not so testify but testified as to the *value* of the items.

In her original petition the plaintiff alleged that she owned certain items being withheld from her by the defendant and which were located in Apartment No. 1 of a certain address. By amendment the plaintiff alleged another list as being her property and located in the same apartment. During the course of the trial

the plaintiff and her counsel admitted that the items listed in the original petition as being in Apartment No. 1 were erroneously listed and were the property of the defendant. Such admission did not include the items listed in the amendment as being located in Apartment No. 1. The items which the defendant testified as having certain values were contained in the list supplied by the amendment and were not contained in the list alleged in the original petition.

Since the evidence authorized at least a partial recovery by the plaintiff, the court did not err in denying the defendant's motion for a judgment notwithstanding the mistrial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*