36992. PETTIT *v.* STILES HOTEL COMPANY, INC.
36993. STILES HOTEL COMPANY, INC. *v.* PETTIT.

DECIDED FEBRUARY 11, 1958.

*Vane Hawkins, Larry V. McLeod, Jay D. Gardner,* for the Pettits.

*Erwin, Nix, Birchmore & Epting,* contra.

NICHOLS, Judge. 1. The defendant in error, in the writ of error filed by the corporation to the denial of its motion for a judgment notwithstanding the mistrial, filed a motion to dismiss based on the ground that an exception to a judgment denying a motion for judgment notwithstanding the mistrial will not lie until the final bill of exceptions in the case.

Code § 6-701 as amended by the Act of 1957 (Ga. L. 1957, pp. 224, 229), provides in part: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto . . ."

Had the judgment complained of (the denial of the motion for judgment notwithstanding the mistrial) been rendered as claimed by the plaintiff in error it would have been a final disposition of the wife's case. Accordingly, the motion to dismiss the writ of error is without merit and must be denied. See *Tingle v. Kelly,* 94 *Ga. App.* 138 (93 S. E. 2d 773).

2. The evidence on both trials was very similar with the same witnesses, in most instances, testifying to the same facts concerning the fall of Mrs. Pettit and the condition of the stairs on which she fell. Therefore, if the evidence demanded a finding for the defendant corporation in the case wherein it made a motion for a judgment notwithstanding the mistrial (the wife's case), the evidence also demanded the finding of the jury in the husband's case, and even if error should be shown by the special grounds of the motion for new trial, such error would be harmless.

The records do not disclose that general demurrers were filed to the petitions, therefore the evidence adduced on the trials will alone be looked to in order to determine if the plaintiffs were entitled to verdicts or whether, on the contrary, a finding for the defendant was demanded by the evidence on the issues in controversy.

It was undisputed that Mrs. Pettit did fall down a flight of stairs in the Georgian Hotel on the date alleged in the petitions while she was an invitee in such hotel, that she was injured when she sustained this fall, and that her husband suffered certain

damages as a result of the injuries suffered by Mrs. Pettit. Therefore, the question presented is whether the evidence showed the circumstances in connection with Mrs. Pettit's fall were such as would authorize a recovery against the defendant corporation, the owner and occupier of such premises.

The stairs down which Mrs. Pettit fell were constructed of marble, and under the decision of this court in *Hollomon* v. *Henry Grady Hotel Co.*, 42 *Ga. App.* 347 (156 S. E. 275), judicial cognizance must be taken of the fact that this is a proper material from which to construct stairs, and that even when polished it is not naturally slick and dangerous, and this is true even in view of the decision in *Scott* v. *Rich's Inc.*, 47 *Ga. App.* 548 (171 S. E. 201), by two judges. There was no evidence that there was any foreign substance upon the stairs so as to bring the action within the law pronounced in such cases as *American Legion* v. *Simonton*, 94 *Ga. App.* 184 (94 S. E. 2d 66), where marble steps were also involved, but where a foreign substance was alleged to have been on such stairs; nor was there any evidence that Mrs. Pettit fell because of any condition involving the manner in which the stairwell was or was not lighted, but merely that "her foot slipped," not while she was descending or ascending the stairway but while she was walking toward an office next to the stairwell. Accordingly, it is unnecessary to consider the evidence concerning the lights in the hotel.

Although it may be conceded that the stairs were somewhat worn through years of use, there was no evidence to support a finding that such wear made the stairs less safe than those provided by ordinarily prudent owners and occupiers of land for their invitees. As was said by Judge Powell in *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607, 612 (58 S. E. 1060): "If the stairway was no more worn and no slicker than those in ordinary use in other mills and similar places, the defendant was guilty of no breach of duty." This statement by Judge Powell is but a paraphrase of the law stated in Code § 105-401 which reads as follows: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe," construed in pari materia with

Code § 105-201 which reads in part as follows: "In general, ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. . . The absence of such diligence is termed ordinary negligence."

Accordingly, since the evidence demanded a finding that the conditions of the stairway did not show a lack of ordinary care on the part of the defendant corporation, a verdict was demanded for the defendant corporation in both cases.

Accordingly, without passing on the special grounds in case No. 36992, the trial court did not err in denying the motion for new trial in such case, but did err in denying the defendant corporation's motion for a judgment notwithstanding the mistrial in case No. 36993, and direction is given that a judgment for the defendant corporation be entered in such case.

*Judgment affirmed in case No. 36992; judgment reversed with direction in case No. 36993. Felton, C. J., and Quillian, J., concur.*