## 45292. GOODWIN v. MULLINS.

ARGUED APRIL 14, 1970—DECIDED JUNE 24, 1970.

*Peek, Whaley, Blackburn & Haldi, Glenville Haldi, J. Robert Hardcastle,* for appellant.

*Howe & Murphy, Harold L. Murphy,* for appellee.

DEEN, Judge. The burden is on the defendant who moves for summary judgment to produce evidence which conclusively negates at least one essential element entitling the plaintiff to recover under every theory fairly to be drawn from the pleadings and evidence. *Saunders v. Vikers,* 116 Ga. App. 733 (2) (158 SE2d 324). The plaintiff in this case occupied the status of a social invitee, i.e., a licensee. *Stanton v. Grubb,* 114 Ga. App. 350 (151 SE2d 237). There is no question in this case of anticipating the plaintiff's presence on the premises, since her presence in the house, and the fact that she had turned back to go to the bathroom, were known. As to the duty of care to be accorded her under these circumstances, "it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be . . . within the range of a dangerous act being done." *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609 (58 SE 1060).

The evidence here establishes without dispute that the sole cause of the plaintiff's misadventure was that she mistook the door to the basement for the door to the bathroom, opened it, stepped in without realizing her error, and consequently fell. As to matters involving ordinary care for her own safety, such as whether she should have looked where she was going, and whether, if it was dark she should have turned on the hall light or the light inside the door, these are jury matters. The case stands or falls on whether the defendants were negligent in their construction and maintenance of their home. Plaintiff contends that to build a residence hallway with adjacent doorways to a bathroom and a flight of steps is in the nature of a mantrap, and to so

maintain it is "a dangerous act being done." Since stairways and bathrooms, as well as other rooms, customarily open onto hallways, and since we find no precedent for holding that such construction is negligent (in which regard see *Todd v. Armour & Co.,* 44 Ga. App. 609 (162 SE 394); *Wardlaw v. Executive Comm. of the Baptist Convention,* 47 Ga. App. 595 (170 SE 830), *Mortgage Comm. Servicing Corp. v. Brock,* 60 Ga. App. 695 (4 SE2d 669); *Leach v. Inman,* 63 Ga. App. 790 (12 SE2d 103); *Pries v. Atlanta Enterprises, Inc.,* 66 Ga. App. 464 (17 SE2d 902); *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693)) the defendant's motion for summary judgment should have been sustained.

*Judgment reversed. Bell, C. J., Jordan. P. J., Hall, P. J., Eberhardt, Quillian and Whitman, JJ., concur. Pannell and Evans, JJ., dissent.*

EVANS, Judge, dissenting. I dissent from the majority opinion and the judgment of reversal. It is my opinion that a homeowner who maintains a home in which there is constructed a one-door opening to the bathroom and a completely similar door within inches next to it, opening to a direct descent by open stairs which are steep with no railing or platform into the basement which is unlighted, is liable to a guest known to be in the home, and known by the defendant to be on her way to the bathroom, in not warning her as to which door she should use. Or, the door which led to the basement should have been marked or in some way differentiated from the door to the bathroom. The homeowner knew that the bathroom would be used time' and again each day whereas the door leading to the basement would be seldom used, and yet, so far as this record shows, both doors were alike and equally accessible to those desiring to use the bathroom. None of the cited cases deals with a similar problem, that is, of two doors which are alike, one which leads to safety, and one which leads to danger. As is set forth in the majority opinion: "It is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be . . . within the range of a dangerous act being done. *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609 (68 SE 1060)." See also *Cooper v. Anderson,* 96 Ga. App. 800 (101 SE2d 770) and cases cited at page 805; *Murray Biscuit Co. v. Hutto,* 115 Ga. App. 870 (156 SE2d 132).

To go one step further, suppose the basement had been filled with wild animals? Would there have been a duty on the part of the homeowner to give some kind of warning that this door led to danger? It did in fact lead to danger, in that the descent started immediately and was unlighted. Many people who open a door have already prepared for the next step, and oftentimes it is too late to check themselves after discovering that the next step leads straight down. Homeowners know that guests who are hurrying to the bathroom to answer the call of nature may not be prepared to stand and wait and carefully consider the next step after opening the door. Therefore, I would affirm the trial court in denying summary judgment since it is a jury question as to whether or not the defendant, by his omission, made himself liable, under the circumstances, to the plaintiff.

I am authorized to state that Judge Pannell concurs in this dissent.