## 48285. SANFORD v. HOWE.

Quillian, Judge. The appellant filed a claim against the appellee for injuries she received when she fell in appellee's home.

The complaint alleges: that the appellant while a social guest in the appellee's home when in search of a bathroom, opened a door

believing it to be the bathroom and fell down a flight of basement steps; that the door had a latch on it which was not engaged and was not seen by the appellant; that the appellee knew of a prior accident on the same stairs; that the appellee failed to exercise ordinary care to make the condition of the premises safe or to warn his guest of the condition and risk involved.

After the taking of depositions, the appellee filed a motion for summary judgment which was granted. From this order the appellant filed an appeal. *Held:*

In *Goodwin v. Mullins,* 122 Ga. App. 84 (176 SE2d 551), a case whose facts are most similar to the case sub judice, it was held: "The trial court erred in denying summary judgment to the defendant, since the mere fact that adjacent doorways in his residence led from a hallway to the bathroom and the basement steps respectively and that a guest opened and entered the wrong door and consequently fell down the steps, is not actionable negligence as against the builder and owner of the home."

The *Mullins* case further held: "The evidence here establishes without dispute that the sole cause of the plaintiff's mis-adventure was that she mistook the door to the basement for the door to the bathroom, opened it, stepped in without realizing her error, and consequently fell. As to matters involving ordinary care for her own safety, such as whether she should have looked where she was going, and whether, if it was dark she should have turned on the hall light or the light inside the door, these are jury matters. The case stands or falls on whether the defendants were negligent in their construction and maintenance of their home. Plaintiff contends that to build a residence hallway with adjacent doorways to a bathroom and a flight of steps is in the nature of a mantrap, and to so maintain it is 'a dangerous act being done.' Since stairways and bathrooms, as well as other rooms, customarily open onto hallways, and since we find no precedent for holding that such construction is negligent (in which regard see *Todd v. Armour & Co.,* 44 Ga. App. 609 (162 SE 394); *Wardlaw v. Executive Comm. of the Baptist Convention,* 47 Ga. App. 595 (170 SE 830); *Mortgage Comm. Servicing Corp. v. Brock,* 60 Ga. App. 695 (4 SE2d 669); *Leach v. Inman,* 63 Ga. App. 790 (12 SE2d 103); *Pries v. Atlanta Enterprises, Inc.,* 66 Ga. App. 464 (17 SE2d 902); *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693)) the defendant's motion for summary judgment should have been sustained."

The appellant contends that the present case is different from the

*Mullins* case because here the appellee knew of the potential danger because another guest on a prior occasion had mistaken the door for a bathroom door and had fallen down the basement steps. With this contention we cannot agree. The fact that someone had previously fallen on the steps would not create a negligent condition where none existed before.

The granting of the summary judgment was not error.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED JULY 2, 1973 — DECIDED SEPTEMBER 14, 1973.

*Gray & Nelson, Donald O. Nelson,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr.,* for appellee.