## 49959. WOODS v. PIGGLY WIGGLY SOUTHERN, INC.

MARSHALL, Judge.

On September 6, 1974, appellant filed his notice of appeal from an order granting summary judgment to defendant, appellee, in appellant's action for personal injuries. His sole enumeration of error was that "[T]he court erred in granting plaintiff [sic] below a summary judgment on grounds contrary to the Constitution of the State of Georgia and of the United States." On October 18, this court ordered appellant to file a brief no later than October 24. On October 24, appellant filed a motion to transfer the appeal to the Supreme Court on the ground that it involved a question of constitutionality of a state statute for which jurisdiction is reserved exclusively for the Supreme Court under Art. VI, Sec. II, Par. VI (Code Ann. § 2-3704). *Held:*

1. Appellant's motion to transfer is denied. "In order to raise a question as to the constitutionality of a 'law,' at least three things must be shown: (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and

(3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision. *Stegal v. Southwest Georgia Regional Authority,* 197 Ga. 571, 582 (30 SE2d 196), and cases there cited." *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773, 774, 775 (95 SE2d 677).

Here appellant's only constitutional challenge is that "the statute itself, Code Title 114, abridges his first amendment right under the federal constitution to petition the government for a redress of grievances." The record contains no further elucidation of appellant's assertion of unconstitutionality. It is obvious that this challenge does not meet the foregoing requirements. "Vague and indefinite attacks will not be considered. *Dade County v. State,* 201 Ga. 241 (39 SE2d 473)." *Richmond Concrete Products v. Ward,* 212 Ga. 773, 775, supra.

2. Appellant has neither filed a brief nor appeared for oral argument of his appeal. Appellee's motion to dismiss the appeal is therefore granted. Rule 25, Rules of the Court of Appeals (Code Ann. § 24-3625).

*Appeal dismissed. Bell, C. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1975 — DECIDED JANUARY 16, 1975.

Mell Woods, *pro se.*

*Burnside, Dye & Miller, A. Rowland Dye,* for appellee.