## 50833. MEYBERG v. DODSON.

STOLZ, Judge.

The parties to this action for damages for personal injuries were both widows, between 65 and 70 years old, and friends for 50 years. The plaintiff had been to the defendant's house about six times and to the rear portion thereof once. At the defendant's invitation, the plaintiff spent the night at the defendant's home. At the plaintiff's request, the light was left on in the bathroom during the night. During the night, the plaintiff decided to go into the unlighted den to escape the defendant's snoring. From the hall, the plaintiff opened the unlocked basement door, thinking it to be the den door, and fell down the unlighted stairs to the basement. The plaintiff appeals from the grant of summary judgment for the defendant. *Held:*

This appeal is controlled adversely to the appellant by the cases of *Goodwin v. Mullins,* 122 Ga. App. 84 (176 SE2d 551) and *Sanford v. Howe,* 129 Ga. App. 641 (200 SE2d 508) and cases cited therein.

Even if the constitutional issue had been raised in the trial court, this court does not have jurisdiction to hold Code §§ 105-401, 105-402 unconstitutional in order to abolish the common-law categories of invitee, licensee and trespasser and substitute the standard of reasonable care on the part of the occupier of premises in view of the probability of harm to entrants, as has been done in various jurisdictions and as is urged by the appellant. *Mason v. Town of Berlin,* 128 Ga. App. 177 (196 SE2d 181) and cits.

*Judgment affirmed. Bell, C. J., Deen, P. J., Clark, Webb and Marshall, JJ., concur. Pannell, P. J., Quillian*

*and Evans, JJ., dissent.*

Argued June 30, 1975 — Decided September 22, 1975 — Rehearing denied October 24, 1975 — 

*Scott Walters, Jr.,* for appellant.
*Greer & Klosik, Frank J. Klosik, Jr.,* for appellee.

Evans, Judge, dissenting.

Ruby D. Meyberg, as plaintiff, sued Grace Dodson, as defendant, after Mrs. Meyberg fell down a flight of stairs during the nighttime while a guest in the Dodson home. Both parties were elderly ladies and were close friends.

On the night of November 9, 1972, defendant requested plaintiff to spend the night in defendant's home. Defendant knew that plaintiff was afraid of the dark ever since her husband died, and that plaintiff kept lights on all over her house at night, and could not sleep without them. On this particular night, plaintiff reminded defendant that she could not sleep in the house *without lights,* despite which defendant turned on *only one light,* which was in the bathroom.

Defendant and plaintiff were to sleep in the same room, and defendant let it be known at 11:30 p.m. she was ready to go to bed, which she proceeded to do.

Plaintiff testified "just as soon as she hit the bed she started snoring and I stood it just as long as I could. I stayed there until about 12:30 when I got up. I go into the bathroom and I came out of the bathroom. I said 'I can't stand this dark place any longer.' " (T. pp. 40-41). Defendant's snoring produced very loud noises such as "you have never heard in your life . . . you just cannot sleep anywhere near her." (T. p. 40).

While plaintiff had been in this house before, she did not have familiarity with the back part, and was absolutely unable to find her way in the dark.

Besides the bathroom door, there are three other doors involved, to wit, the door to the living room; the door to the den; and the door to the basement; albeit plaintiff did not know that one of the doors led to the

basement. With the small gleam of light coming from the bathroom door, plaintiff sought to find the door to the den. She knew she could not go to sleep again under the circumstances, so she opened an unlocked and unmarked door in the unlighted area which she thought led to the den, but instead she stepped off into mid-air and came tumbling and crashing down into the basement, and suffered injury.

The doors to the den, living room and basement were all closed. The door to the basement opened outward or away from plaintiff, and in the darkened condition of the area, her next step was into mid-air and disaster. (T. pp. 41, 42).

Defendant was well aware of plaintiff's unfamiliarity with the back part of her house and told plaintiff "I knew you didn't know how the back of my house was . . . You couldn't have. You haven't been back there enough." (T. p. 42)

Defendant also told plaintiff that the unlocked door to the basement was certainly dangerous. (T. p. 44) Further, defendant wrote plaintiff a note stating "If I had only left the light burning in the den it wouldn't have happened." (T. p. 67)

1. The majority opinion relies on *Goodwin v. Mullins,* 122 Ga. App. 84 (176 SE2d 551); and *Sanford v. Howe,* 129 Ga. App. 641 (200 SE2d 508). Judges Pannell and Evans dissented in the *Goodwin* case, supra, and I am still convinced the dissent set forth the decision which should have been rendered in that case.

But the facts in this case now under consideration are much stronger than in *Sanford,* supra, or *Goodwin,* supra.

Please consider the following distinguishing features in the case sub judice, to wit: (a) Defendant requested plaintiff to spend the night with her. (b) Defendant knew that plaintiff was afraid of the dark and kept lights burning all over her house at night; and she knew plaintiff could not sleep without the lights being turned on all over the house. (c) On the night in question, plaintiff reminded defendant of plaintiff's fear of the darkness, and that she could not sleep without lights being turned on in the house. (d) But defendant turned

on *one light only,* in the bathroom, with a sliver of light coming out about an inch to two inches between the door and the door jamb. (e) Defendant was an unusually loud snorer (which no doubt she could not help). She should have been aware that her loud snoring kept others awake. Despite plaintiff's unreadiness to go to bed, defendant went to bed at 11:30 p.m. and began snoring immediately, resulting in plaintiff's being unable to sleep. (f) Plaintiff stood it for an hour and then got up and went to the bathroom towards the back part of the house, and then sought to go into the den so as to be away from the loud snoring of her hostess. She found all doors closed, and she opened one door, thinking it led to the den. That door swung outward and away from her, and in the darkness, plaintiff took one step into mid-air and disaster. (g) Defendant knew plaintiff was unfamiliar with the back part of her house (including the doors to the den and the basement); and she knew this was a very dangerous situation. (h) Defendant realized and recognized her negligence had produced the situation and caused plaintiff's injuries, and she wrote a note to plaintiff, stating: "If I had only left the light burning in the den, it wouldn't have happened." (T. p. 67) (Leaving lights burning was what plaintiff had requested her to do.)

2. All of the foregoing seems unquestionably to make a case for a jury to decide the issue of negligence, whereas summary judgment was granted to defendant. Remember the principles enunciated in *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); and *McCarty v. National Life &c. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408). With the defendant knowing plaintiff could not sleep without lights (not *light,* singular, but *lights,* plural) burning all over the house, and being specifically reminded and requested on this night to turn on the *lights,* yet she turned on *one light only,* and that in the bathroom, with the door almost closed.

3. I do not believe there is any room for saying that summary judgment should be granted in this case. I therefore most respectfully dissent and ask that a jury be allowed to pass upon the issues of negligence.

I am authorized to state that Presiding Judge

Pannell and Judge Quillian join in this dissent.