## 57508. SMITH v. HARP.

BANKE, Acting Presiding Judge.

The plaintiff sued to recover for injuries she received while a social guest, or licensee, in the defendant's home. We granted interlocutory appeal to review the trial court's denial of the defendant's motion for summary judgment.

The defendant was not at home when the accident occurred, but his wife was. The plaintiff asked to use the bathroom, and the defendant's wife told her to go down the hallway to second door on the right. Following these instructions, the plaintiff opened the second door, reached in to turn on the light, did not feel the switch, and continued farther in. As a result, she fell down the stairwell to the basement. In her complaint, the plaintiff alleges that "defendant was wilfully and wantonly negligent in failing to make her aware of the correct door and in allowing her to fall down an unlighted, unmarked, stairwell to the basement." *Held:*

It was error to deny the defendant's motion for summary judgment. The gravamen of the plaintiff's complaint is that she relied upon the faulty instructions given to her by the defendant's wife. However, the defendant himself was not at home and had nothing to do

with the incident. We know of no reason or authority to hold him liable for his wife's alleged negligence in these circumstances. This court has previously held that a homeowner cannot be held liable for injuries which result simply from his constructing or maintaining a home which has a hallway with adjacent doorways, one of which leads to a bathroom and the other to a stairwell. See *Goodwin v. Mullins,* 122 Ga. App. 84 (176 SE2d 551) (1970); *Sanford v. Howe,* 129 Ga. App. 641 (200 SE2d 508) (1974).

*Judgment reversed. Underwood, J., concurs. Carley, J., concurs specially.*

Argued March 6, 1979 — Decided May 23, 1979.

*Henning, Chambers & Mabry, Ronald Arthur Lowry,* for appellant.

*Harold E. Martin,* for appellee.

Carley, Judge, concurring specially.

I reluctantly concur in the judgment reversing the trial court's denial of the defendant's motion for summary judgment on the basis of the facts of this case. I also agree that since the "defendant himself was not at home and had nothing to do with the incident," there is "no reason or authority to hold him liable. . ." on the basis of defendant's wife's faulty instructions to the plaintiff. In this connection, one spouse cannot be vicariously liable for the other spouse's conduct solely because of the marital relationship when there is no indication that at the time of the tortious conduct an agency relationship existed. *Shelton v. Doster,* 99 Ga. App. 863 (109 SE2d 862) (1959); *Curtis v. Ashworth,* 165 Ga. 782 (142 SE 111) (1928). There is, however, authority that if one spouse is the agent of the other, both may be sued for the tort of the agent spouse. *Miller v. Straus,* 38 Ga. App. 781 (145 SE 501) (1928).

In this case the wife was not joined as a defendant and there was no proof of agency. Therefore, under the specific facts of this case, the decisions in *Goodwin v. Mullins,* 122 Ga. App. 84 (176 SE2d 551) (1970); and *Sanford v. Howe,*

129 Ga. App. 641 (200 SE2d 508) (1973), cited by the majority are controlling as to the liability of the defendant husband. However, it is to be observed that in neither *Goodwin* nor *Sanford* did the plaintiff base the alleged liability of the defendant upon the defendant's false instructions of the specificity here involved. Accordingly, if such instructions were to be given by an owner or if agency were to be established, *Goodwin* and *Sanford* would be distinguishable and it would be for the jury to determine if the erroneous instructions resulted in "wilful and wanton injury" to a social guest as contemplated by Code Ann. § 105-402. Notwithstanding the correctness of the judgment in this case, my concern is that our holding herein not be misconstrued as authority exculpating an owner of a residence from liability as result of knowingly giving false instructions which, when followed to the letter, result in injury to a social guest.