## 58206. LOCKABY v. CITY OF CEDARTOWN.

CARLEY, Judge.
Appellant was injured within the city limits of Cedartown when she fell after alighting from a truck. Appellant alleges that the appellee city was negligent in failing to maintain an adequate curb at the point of appellant's fall. Appellant affirmatively alleged in the trial court and stipulates on appeal that she did not give to the city the ante litem notice of her claim within six months of the date of the incident described as required by

Code Ann. § 69-308. Because of the undisputed absence of the notice required by statute, the trial court granted the city's motion for summary judgment. Appellant contends that the grant of summary judgment on that basis was erroneous for the reason that the statute is unconstitutional. She further asserts that a proper constitutional attack was made in the trial court so that the issue is preserved for appellate review.

Our review of the record shows that, in the proceedings below, the only reference to any constitutional question was during oral argument at the hearing on the city's motion for summary judgment at which time appellant's counsel voiced only a general argument that "this statute violates the equal protection clause of the constitution." The trial court ruled that "[t]he plaintiff never alleged in her pleadings that the provisions of Georgia Code Annotated 69-308 were unconstitutional; and therefore, this Court holds that the constitutional issue was not timely or properly raised by the plaintiff in this action. Therefore, the Court cannot rule upon the issue of the constitutionality of 69-308 of the Georgia Code."

There is no merit in appellant's assertion that her stipulation that she had not complied with Code Ann. § 69-308 sufficiently raised the constitutional issue. " 'In order to raise a question as to the constitutionality of a "law," at least three things must be shown: (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision. *Stegal v. Southwest Georgia Regional Authority,* 197 Ga. 571, 582 (30 SE2d 196), and cases there cited.' *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773, 774, 775 (95 SE2d 677)." *Woods v. Piggly Wiggly Sou., Inc.,* 133 Ga. App. 719-20 (1) (213 SE2d 22) (1975).

Where the trial court finds that the constitutional issue has not been properly raised so as to permit the trial court to rule upon it, the constitutional question cannot be considered on appeal. *Phillips v. Nat. Ben Franklin Ins.*

*Co.,* 229 Ga. 258 (190 SE2d 916) (1972); *Worley v. Save Oil Co.,* 231 Ga. 227 (200 SE2d 896) (1973); *Trust Co. of Ga. v. Montgomery,* 234 Ga. 187 (215 SE2d 8) (1975). Of course, if the constitutional issue had been raised in the trial court, this court would not have jurisdiction of the appeal. *Meyberg v. Dodson,* 136 Ga. App. 324 (221 SE2d 200) (1975). However, no constitutional question having been properly presented for appellate review and the appellant having stipulated her failure to comply with the notice requirements of Code Ann. § 69-308, we hold that the city's motion for summary judgment was correctly granted. *Copeland v. Young,* 133 Ga. App. 54 (1) (209 SE2d 719) (1974).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED SEPTEMBER 10, 1979.

*Robert K. Finnell,* for appellant.
*Michael D. McRae,* for appellee.