60268. HARP v. SMITH et al.

McMURRAY, Presiding Judge.

This case involves a suit for personal injuries received by plaintiff when she fell in an unmarked and unlighted stairwell leading to the basement in defendants' home. Plaintiff's complaint for damages alleges that the defendant wife, acting as agent for the defendant husband, negligently caused injury to plaintiff.

The factual allegations in the case sub judice are substantially similar to those set forth in detail in *Smith v. Harp,* 150 Ga. App. 96 (256 SE2d 675), a prior action by plaintiff against the defendant husband, except that plaintiff now names as defendant the wife as well as the husband, alleging that the wife was acting as agent of the husband at the time in question.

Although the period of the statute of limitation has expired, plaintiff alleges that this action is authorized under the provisions of

Code Ann. § 3-808 (Ga. L. 1967, pp. 226, 244). Defendants' motion to dismiss the complaint contending the complaint was barred by the statute of limitation and by the doctrine of res judicata was granted. Plaintiff appeals, contending that the trial court erred in granting defendants' motion to dismiss. *Held:*

1. Plaintiff in her brief admits that this action is an attempted renewal of the action which was before this court in *Smith v. Harp,* 150 Ga. App. 96, supra. The plaintiff's position is that the case sub judice is not barred by the statute of limitation because it was filed within six months of the trial court's entry of judgment adopting as its own our decision in *Smith v. Harp,* supra. Plaintiff's contention is predicated on the provisions of Code Ann. § 3-808, supra.

In *Smith v. Harp,* supra, plaintiff's action against the defendant husband only, this court held that the trial court erred in failing to grant the defendant husband's motion for summary judgment. This decision in favor of the defendant husband on the merits terminated the case, and no issues remained pending. Code Ann. § 3-808, supra, is not applicable where the action is terminated by a decision on the merits. *City of Atlanta v. Schaffer,* 245 Ga. 164, 167 (264 SE2d 6). Compare *Calloway v. Harms,* 135 Ga. App. 54 (217 SE2d 184). Therefore, Code Ann. § 3-808, supra, is inapplicable, and we must determine whether the case sub judice was timely filed.

2. This is an action for injuries to the person and contains no allegations of injuries to the reputation and does not involve loss of consortium. The action sub judice must have been brought within two years after the right of action accrues. Code § 3-1004 (as amended, Ga. L. 1964, p. 763). *Leggett v. Benton Bros. Drayage & Storage Co.,* 138 Ga. App. 761 (227 SE2d 397); *Stoddard v. Woods,* 138 Ga. App. 770 (227 SE2d 403). As the plaintiff's alleged injury occurred on February 20, 1977, and this action was not filed until January 15, 1980, more than two years have passed. The case sub judice is barred by the statute of limitation. *Carter v. R. H. Macy Co.,* 147 Ga. App. 326 (248 SE2d 699).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JULY 2, 1980 — DECIDED JULY 16, 1980.

*Harold E. Martin,* for appellant.
*Ronald Arthur Lowry, E. Speer Mabry,* for appellees.