26939. FIRESTONE SERVICE STORES INC. *v.* GILLEN.

DECIDED NOVEMBER 21, 1938.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff in error.
*T. J. Lewis,* contra.

MacIntyre, J. Under the allegations of this petition, the plaintiff was an invitee. The effect of the plaintiff's contention was not, if the stairway had been properly constructed, that the placing of the stairway in such a semidark place was the sole proximate cause of the injury. The plaintiff predicated her suit upon the defective construction and maintenance of the stairs and landings. Although the plaintiff might have known that when the door was closed the stairway would be surrounded by semidarkness, yet she might have been unaware of the particular defects in the construction of the stairway alleged as negligence, to wit, that "the metal strip on the landing or top step leading from the third floor downward is raised approximately one fourth of an inch higher than the step itself, making the landing uneven," and she might also have been unaware of the alleged optical illusion created by "the metal cleat on the landing or top step leading from the third floor downward, [which] is of a darker color than the balance of the steps, and this metal cleat being of a darker color than the balance of the step causes the false mental impression to one descending the stairway that the landing extends further away than it actually does." This knowledge of the stairway being in semidarkness would not, as a matter of law, necessarily defeat a recovery, if the metal strip, which was one fourth of an inch higher than the step, and the optical illusion, both together constituted the "concurrent negligence" which was the direct, immediate, and proximate cause of the injury. Or even if the plaintiff knew the stairway was enclosed in semidarkness, and that the strip extended one fourth of an inch above the rest of the step, and still did not know of the optical illusion, a recovery would not necessarily be defeated; for if the construction which caused the optical illusion was "concurrent negligence" on the part of the defendant, and this "concurrent negligence" of the defendant was the direct, immediate, and proximate cause of the injury, a recovery could be had. *Wynne* v. *Southern Bell Telephone Co.*, 159 *Ga.* 623 (126 S. E. 388); *Fuller* v. *Steyerman*, 46 *Ga. App.* 830 (169 S. E. 508); *City of Silvertown* v. *Harcourt*, 51 *Ga. App.* 160 (179 S. E. 772); *Bohn* v. *Beasley*, 51 *Ga. App.* 341 (180 S. E. 656); *Scott* v. *Rich's Inc.*, 47 *Ga. App.* 548 (171 S. E. 201).

If knowledge of the raised strip on the step and the semidarkness enclosing the stairway was knowledge of specific defects, and the plaintiff had knowledge of these particular defects and yet had

no knowledge of the particular, unapparent dangerous condition connected therewith which occasioned the injury (*Samples* v. *Atlanta,* 95 *Ga.* 110, 22 S. E. 135), knowledge of such defects does not necessarily import knowledge of a dangerous condition of such stairway. We again say that "knowledge of defect" should not be confused with "knowledge of danger." *Mathis* v. *Gazan,* 51 *Ga. App.* 805, 808 (181 S. E. 503). It affirmatively appearing from the petition that the defendant had ascended the stairway once only, and a few minutes afterward, for the first time, descended the same (no structual change having been made in the stairway between the time of ascent and the time of descent), we can not say under these circumstances that a conclusion, as a matter of law, is demanded that the plaintiff should have had a full appreciation of the danger, and that in the exercise of ordinary care she should have avoided the injury to herself. This, we think, is a question for the jury. This case is distinguishable from the following cases cited by the plaintiff in error: *Brim* v. *Healey Investment Co.,* 56 *Ga. App.* 483 (193 S. E. 84) ; *Hendrix* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81) ; *Castleberry* v. *Fox,* 29 *Ga. App.* 35 (113 S. E. 110) ; *Southern Bell Telephone Co.* v. *Dunn,* 47 *Ga. App.* 3 (169 S. E. 512) ; *Lebby* v. *Atlanta Realty Co.,* 25 *Ga. App.* 369 (103 S. E. 433) ; *Mills* v. *Barker,* 38 *Ga. App.* 734 (145 S. E. 502) ; *Avery* v. *Anderson,* 31 *Ga. App.* 402 (120 S. E. 683) ; *National Bellas Hess* v. *Patrick,* 49 *Ga. App.* 280 (175 S. E. 255). In some of these cases the proximate cause of the injury was not the defective construction, and in others the plaintiff in the exercise of ordinary care should have avoided the injury. The petition as a whole set forth a cause of action and the judge did not err in overruling the general demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*