29827. PARSONS *v.* SEARS, ROEBUCK & COMPANY.

DECIDED MARCH 6, 1943.

*Fine & Hendrix,* for plaintiff.
*Alston, Foster, Sibley & Miller,* for defendant.
STEPHENS, P. J. Mrs. W. M. Parsons brought suit against

Sears, Roebuck & Company, the operator of a retail mercantile store in the City of Atlanta, in which she sought to recover damages suffered by reason of injuries sustained by her when she fell in the defendant's store. She alleged, that her fall was caused by stepping on a small metal disk which was inserted in the floor of the store in a narrow aisle, and its appearance was so blended with the floor by constant polishing of the floor and the disk that it could not be seen without a close inspection of the floor; that it had become so worn as to be smooth and slippery; that she stepped on the disk, which she did not know was in the floor and did not see, as she walked along this aisle with an arm full of packages; that the defendant was negligent in inviting her as a member of the public into the store to trade with it, knowing that this disk was in the floor and had become smooth and slippery from constant use; that the defendant was negligent in permitting the disk in this condition to remain in the floor without notifying her and other customers of the danger of stepping thereon.

The defendant demurred to the petition, on the ground that no cause of action was alleged. The court sustained this demurrer and dismissed the action, and the plaintiff excepted.

Except in plain and unmistakable cases, what does or does not constitute negligence is a matter for determination by a jury. The plaintiff alleged that the defendant was negligent in permitting to remain in the floor of a narrow aisle of the store, along which its customers, including the plaintiff, were likely to pass, a metal disk which had become so worn from constant use as to be smooth and slippery, of which the defendant had knowledge. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. The operator of a retail mercantile establishment owes to those who come to his store to trade with him the duty of using the care and caution necessary to keep the store premises and approaches in a safe condition. *Lake* v. *Cameron,* 64 *Ga. App.* 501, 505 (13 S. E. 2d, 856). The plaintiff alleged that she did not see the slippery metal disk in the aisle of the defendant's store, and that she did not know of its existence. She further alleged that she could not have seen the same by the

exercise of ordinary care, for the reason that her arm was full of packages. "Where the owner or occupier of premises fails to exercise ordinary care in keeping reasonably safe such premises for the use of those who go upon them as invitees, and where such an invitee is injured by a *patent* defect in such premises of which the injured party has no actual knowledge, it can not be held as a matter of law that such injured party was lacking in ordinary care in failing to observe the defect in time to avoid the injury." *Wynne* v. *Southern Bell Telephone &c. Co.*, 159 *Ga.* 623 (4) (126 S. E. 388). In cases such as *Lowe* v. *Payne*, 156 *Ga.* 312 (118 S. E. 924), "the danger was apparent and known to the person injured." It follows that the allegations of the petition were sufficient to allege a cause of action as against a general demurrer. The court .erred in dismissing the action.

*Judgment reversed.* *Sutton and Felton, JJ., concur.*