36336.   RICH'S, INC. *v.* TOWNSEND.

Decided November 19, 1956—Rehearing denied December 5, 1956.

*W. Neal Baird, Hurt, Gaines & Baird,* for plaintiff in error.
*Howard & Hyatt, Eugene L. Tiller,* contra.

GARDNER, P. J.  We wish to commend counsel for both parties for their diligence in calling to the attention of this court over one hundred citations, including Code sections and decisions of the appellate courts concerning the sufficiency and deficiency as to whether or not a petition for damages based on negligence or lack of negligence is subject to demurrer.  We will not attempt to discuss all of these cases brought to our attention.  We think only a few cases are necessary in order for us to arrive at a decision.  We are aware that a petition must be construed most strongly against the pleader.  We call attention to *Macon Academy Music Co.* v. *Carter,* 78 *Ga. App.* 37, 39 (50 S. E. 2d 626) wherein this court held: "We will first consider whether the court erred in overruling the demurrer.  It is conceded by all that ordinarily questions of ordinary care are for the jury to determine, but where defective conditions of floors are obvious under ordinary circumstances, if ordinary care is employed in using the sense of sight and where such conditions are so obviously dangerous that no person of ordinary prudence while in the ex-

ercise of ordinary care would use the floor, then the courts have held that the issue will be resolved against the plaintiff on demurrer. There is a long line of decisions where our courts have held uniformly that where the defect is hidden and would not be obvious to the plaintiff in the exercise of ordinary care, the question is for the jury. As illustrative of this line of decisions, see *Mattox* v. *Lambright*, 31 *Ga. App.* 441 (120 S. E. 685) ; *Moore* v. *Sears, Roebuck & Co.*, 42 *Ga. App.* 658 (157 S. E. 106) ; *Wynne* v. *Southern Bell Tel. &c. Co.*, 159 *Ga.* 623 (126 S. E. 388) ; *Firestone Service Stores* v. *Gillen*, 58 *Ga. App.* 782 (199 S. E. 853) ; *Scott* v. *Rich's, Inc.*, 47 *Ga. App.* 548 (171 S. E. 201) ; *Woolworth Company* v. *Wood*, 32 *Ga. App.* 575 (124 S. E. 110) ; *Parsons* v. *Sears, Roebuck & Co.*, 69 *Ga. App.* 11 (24 S. E. 2d 717) ; *Colonial Stores* v. *Scholz*, 73 *Ga. App.* 268 (36 S. E. 2d, 189) ; *Rothschild* v. *First National Bank of Atlanta*, 54 *Ga. App.* 486 (188 S. E. 301) ; *Holloman* v. *Henry Grady Hotel Co.*, 42 *Ga. App.* 347 (156 S. E. 275) ; *Southern Grocery Stores* v. *Braun*, 57 *Ga. App.* 31 (194 S. E. 219) ; *Southern Grocery Stores* v. *Greer*, 68 *Ga. App.* 583 (23 S. E. 2d 484) ; *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607 (58 S. E. 1060). There are other decisions to the same effect." We call attention also to *Townley* v. *Rich's, Inc.*, 84 *Ga. App.* 772, 775 (67 S. E. 2d 403), which reads as follows: "As was said by Powell, J., in *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607, 612 (58 S. E. 1060), 'Ordinary care and diligence, as applied to the keeping of premises in safe condition, is a very elastic term, varying the quantum of actual caution to be exercised, according to the nature of the use to which the property is devoted.' . . . To paraphrase this court's language in *Firestone Service Stores* v. *Gillen*, 58 *Ga. App.* 782, 786 (199 S. E. 853), if knowledge of the worn-down, smooth condition of the metal strip was knowledge of specific defects, and the plaintiff had knowledge of these particular defects, and yet had no knowledge of the particular, unapparent, dangerous condition connected therewith which occasioned the injury (*Samples* v. *City of Atlanta*, 95 *Ga.* 110, 22 S. E. 135), knowledge of such defects does not necessarily import knowledge of a dangerous condition of such stairway. We again say that 'knowledge of defect' should not be confused with 'knowledge of danger.' *Mathis* v. *Gazan*, 51 *Ga. App.* 805, 808 (181 S. E. 503), and

whether or not the plaintiff in the instant case had knowledge of the danger present in using the stairway is a question for the jury." We think this principle of law applies in the instant case.

We have studied all of the contentions of the defendant with reference to the inconsistencies and the contentions as to wilful and wanton negligence and other questions made by the general and special demurrers. We cannot reach any conclusion but that the petition set out a cause of action based on ordinary negligence to be determined by a jury. It must be kept in mind that it may be conceded, but this court does not decide, that the plaintiff was in some degree negligent, but under the same comparative negligence rule of this State if the plaintiff was less negligent than the defendant, the plaintiff would be entitled to recover some amount. All of these are jury questions.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*