43752. TOWNSEND v. CENTRAL PARKING, INC.

WHITMAN, Judge. This case is an appeal from an order granting the defendant's motion for summary judgment. The same is enumerated as error.

The plaintiff alleges that she was injured when she tripped and fell over one of several 4″ x 4″ wooden "bumpers" attached to the floor of the defendant's parking garage used as dividers and separaters and otherwise to facilitate the parking of cars in the garage. Specifically, the petition alleges the defendant was negligent: (1) In failing to provide notice of the raised bumpers; (2) in failing to provide sufficient light in order that plaintiff could observe the raised bumpers; (3) in failing to provide a reasonably safe passageway; (4) in failing to exercise due care; (5) in failing to provide a means whereby plaintiff could discover the presence of the raised bumpers; (6) in failing to make the bumpers visible by markings; (7) in placing the bumpers upon the floor in such a manner that they were not visible at all times; (8) in failing to utilize a uniform system of locating said bumpers so as to put plaintiff on notice of the presence of said bumpers; and (9) in locating said bumpers only in a portion of said garage.

From the evidence presented to the trial court the following undisputed facts appeared: The plaintiff had used the facility before on several occasions. On this occasion, after she had parked her car, she got out and "walked over to the little walkway and then over on out to the street." The episode complained of occurred when she was returning to her car and was not using the aisle, but was taking a "short cut" by

cutting across the parking lot at an angle and passing between two parked cars.

The utilization of dividers in parking lots does not in itself constitute negligence. *Broadview Plaza v. Goodman,* 116 Ga. App. 738 (158 SE2d 258), and cases cited; *Ely v. Barbizon Towers,* 101 Ga. App. 872 (115 SE2d 616); *Carmichael v. Timothy,* 104 Ga. App. 16 (120 SE2d 814). Cf. *Griffith v. Morgan,* 117 Ga. App. 216 (160 SE2d 420). Furthermore, as the evidence shows, it was unnecessary for the plaintiff in going to and from her car even to contend with a bumper.

There was no error by the trial court in granting the defendant's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

Argued July 1, 1968—Decided October 21, 1968.

*Robert Carpenter, LeRoy C. Hobbs,* for appellant.

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., John K. Dunlap,* for appellee.