47486. LaBRANCHE v. JOHNSON et al.

DEEN, Judge. 1. In *Garrett v. Royal Bros. Co.*, 225 Ga. 533 (170 SE2d 294) it was stated: "The conduct of a defend-

ant cannot be declared to be negligent, as a matter of law, unless it has been so declared by a lawmaking body, and, in the absence of such a declaration the jury is the arbiter of the question of whether a defendant's conduct on a given occasion is negligent, and, if so, whether such negligence is the degree of negligence required for a recovery by a plaintiff." On their motion for summary judgment the same rule of law must be applied to a plaintiff as against the contention of the defendants that her own negligence was the sole proximate cause of her injuries, that she did not exercise ordinary care for her own safety, and that by the exercise of such care she could have avoided being hurt, unless the conclusion is demanded as a matter of law that under no state of facts deducible from the evidence could there have been negligence on the part of the defendants. All inferences are in favor of the plaintiff in such a case. *Herrington v. Stone Mountain Memorial Assn.,* 119 Ga. App. 658, 661 (168 SE2d 633). "Ordinarily the facts upon which the plaintiff is barred from recovery—that he failed to avoid the consequences of the defendant's negligence which he reasonably could have apprehended, or that he voluntarily encountered a known danger—cannot be decided by the court as issues of law." *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731, 734 (149 SE2d 527).

2. "One who is on the premises of another at the latter's request and for the sole benefit of the latter, is an invitee to whom the latter owes the duty of exercising ordinary care to avoid injuring." *Shepherd v. Whigham,* 111 Ga. App. 274 (1) (141 SE2d 583), and see *Dean v. Gainesville Stone Co.,* 118 Ga. App. 142 (2) (162 SE2d 858). Where one of the defendants requested the plaintiff to come to her home to assist her in making a quilt which was to be a present to the defendant's daughter from the defendant, and offered to pay the plaintiff's expenses in making the trip, the plaintiff was an invitee in the home of the defendants and their duty toward her

was to exercise ordinary care in keeping the premises safe for her. *Code* § 105-401.

3. The rule that where the plaintiff's injury results from a patent defect in premises, especially where the plaintiff has a general familiarity with them, there can be no recovery, is modified by the "distraction" theory, to the effect that a jury question may still be posed where it appears that the plaintiff's attention was diverted by some sudden occurrence, and this is particularly true where the diversion is one created by the defendant. See *City of Albany v. Humber,* 101 Ga. App. 276 (113 SE2d 635); *Stuckey's Carriage Inn v. Phillips,* 122 Ga. App. 681 (2) (178 SE2d 543).

4. This court has ruled as a matter of law that, as to a *licensee,* the *mere* construction and maintenance of a residence in such manner that adjoining doorways of identical appearance open into a bedroom or bathroom and an unlighted flight of basement stairs from a common hallway is not actionable negligence. *Goodwin v. Mullins,* 122 Ga. App. 84 (176 SE2d 551).

5. Applying the foregoing law to the following facts, it appears that the plaintiff, a 65-year-old retired woman who was visiting the defendant for purposes beneficial to the latter, and who had previously been in the house and was familiar with its layout, had put her coat, hat and purse in a back bedroom which gave onto an unlighted hallway (lights were on in the adjacent den and kitchen, but not in the bedroom, and there was no light for the basement stairs) and, after she had finished with the quilting and supper was told that the codefendant, Felton Johnson, would drive her home and she was told to hurry and get her things. The doors to the adjacent bedroom and stairwell were closed, and the defendant knew that the bedroom light would not be on. As she went down the hall the defendant Mrs. Johnson called to her from where she was talking over the telephone in the kitchen. Mrs. LaBranche stopped and turned, looking at Mrs. Johnson, and Mrs. Johnson turned from the phone

toward the hall where she was. As the plaintiff described it in her deposition (the only evidence offered to support the motion): "Mrs. Jonnson was talking on the phone when I started up the hall, and she got off the phone and she hollered at me and started talking, and she talks real fast, and she was talking as hard as she talked and I was standing there trying to see what she wanted, and yes, yes, yes and all, and I just reached and. . . the doorknob, and I was standing there holding the doorknob and still talking and when I opened the door, why of course there is no light on the stairway, never had been, and I made one step and that's it." The plaintiff made the step in a backward or sideways fashion under the impression that she was turning into the bedroom.

One of the grounds of negligence urged is that the defendant, who was the distracting influence which caused her to turn away from the door and thereby grasp the wrong door handle, actually saw or was in a position to see that the plaintiff was entering a position of danger on the premises under a misapprehension and that with this actual (or constructive) knowledge which included actual or constructive knowledge that the plaintiff would not realize the danger, being under the impression that the floor would remain level when in fact she was at the top of a flight of stairs, she failed to warn her or call the plaintiff's attention to what she was in the act of doing. A jury, if they found this to be true, might infer that *as of that moment* it constituted a superior knowledge by the defendant of immediate danger resulting from the orientation of the premises *in connection with the distraction she had just created* and that these facts taken in their entirety might constitute negligence. The case thus differs materially from *Goodwin v. Mullins,* 122 Ga. App. 84, supra, and raises additional and different issues regarding negligence on the part of the defendant. *Goodwin,* therefore, is not controlling.

The trial court erred in granting the defendants' motion for summary judgment.

*Judgment reversed. Clark, J., concurs. Eberhardt, P. J., concurs in the judgment only.*

ARGUED SEPTEMBER 15, 1972—DECIDED OCTOBER 5, 1972.

*Atkins, Drew & Jones, James B. Drew, Jr., Don Jones,* for appellant.

*Lokey & Bowden, Glenn Frick,* for appellees.