### 48260. JACKSON ATLANTIC, INC. et al. v. WRIGHT.

ARGUED MAY 30, 1973 — DECIDED OCTOBER 10, 1973.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellants.

*James O. Goggins,* for appellee.

CLARK, Judge. Did the evidence in this fall-down case require the trial court to sustain defendant retailer's motion for a directed verdict on the ground that plaintiff failed to exercise ordinary care for her own safety? Was the trial court correct in submitting this question as to such duty to the jury for determination by reason of a "distraction"? What constitutes a "distraction" sufficient to create a jury question? Although we also have for decision whether the evidence warranted the trial court instructing the jury that plaintiff might recover for aggravation of a prior existing physical condition, the principal problem for us is to determine if the case should have been permitted to go to the jury over defendant's motion for a directed verdict. The verdict for plaintiff brought this appeal by defendant from the judgment thereon.

We have here an unusual factual situation in that the cause of plaintiff's fall was a floor safe, which, when opened, made the floor of defendant's store unsafe. Not only was there thus created a hole in the floor but when the safe was open the position of the safe-cover by reason of being above the floor created an obstruction. Defendant argues plaintiff in the required exercise of ordinary care was bound to observe this situation. To excuse her conduct plaintiff contends defendant's employee created a distraction which was such that the court was correct in letting twelve laymen determine if she had exercised proper care.

A complicating fact is that plaintiff as a former employee of defendant's chain knew that their stores operating from 7 a.m. to 11 p.m. under the trade name of "Majik-Markets" had these built-in floor safes. She further excuses her conduct by reason of her knowledge of company rules which provided such floor safes were not to be left open and that the cover thereof was to be replaced before an employee arose from the squatting position necessary to open the floor safe.

Plaintiff was behind the counter at the invitation of defendant's employee, he having requested her to prepare coffee because of her familiarity with the operation of a new urn. This was in preparation for commencing the day's business. As a part of these preparatory activities the assistant manager had opened the floor safe to obtain currency and coins for placement in the cash register. There is a factual dispute as to whether plaintiff knew the

safe was still open at the time she was obtaining paper towelling from a shelf below the cash register. There is, however, no contradiction that her conduct was in response to the direction given her by the employee who said: "Helen, would you please move back so I can put money in the cash register?" He was then upright and standing in a position so that compliance with the request required her to step back. In doing so she "tripped in the safe" and sustained injuries.

At the conclusion of plaintiff's case which consisted only of her testimony and that of her doctor, defendant moved for a directed verdict. When this was denied defendant did not introduce any evidence and thereby obtained the opening and closing arguments. Following a verdict for plaintiff this appeal has been taken by defendant with only two assignments of error. One avers the court erred in overruling the motion for directed verdict and the other argues that the charge (which portion had been objected to by defense counsel) should not have included the law dealing with aggravation of an existing physical condition because of lack of any evidence on that subject.

■ In *Gray v. Delta Air Lines, Inc.,* 127 Ga. App. 45 (192 SE2d 521) we dealt with facts similar to these in that the plaintiff's fall occurred over an obstruction in front of her which was forgotten or overlooked when she undertook to comply with the ticket agent's request to approach the ticket counter for examination of her identification credentials. We there reviewed a number of cases dealing with this question of "distraction" as an evidentiary factor in deciding whether the question of plaintiff's exercise of ordinary care should be for jury determination. Our conclusion was thus stated at page 52: "The rationale of these cases lies in the rule that, where a proprietor owes a duty to its invitees to keep the premises in a safe condition for their passage, the setting up of a distraction, by sign or conduct, which will so divert the customer's attention as to be the proximate cause of his injury in colliding with what might otherwise be a patent and even safe appurtenance, may constitute actionable negligence on the part of the defendant."

We there quoted with approval from *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375, 379 (124 SE2d 688) that the controlling principle was: "Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence. Where the distraction comes from without, and is of such nature as naturally to divert

the plaintiff, and *also of such nature that the defendant might naturally have anticipated it,* the result is different. *Glover v. City Council of Augusta,* 83 Ga. App. 314 (63 SE2d 422)." We have supplied the emphasis to the foregoing quotation because the italicized language is applicable to the case at bar where defendant's employee not only created the distraction by requesting plaintiff to move but took a position to her left whereby he might naturally have expected plaintiff to step in a direction where the open safe and its cover existed.

2. It should be noted the instant case is an appeal from denial of a motion for directed verdict by defendant. In this respect it differs from the authorities cited and discussed in both *Redding v. Sinclair Refining Co.* and *Gray v. Delta Air Lines.* The *Sinclair Refining Co.* case dealt with a general demurrer which form of pleading was abolished by our Civil Practice Act of 1966 where the rule on construction was to construe the petition most strongly against the pleader. The *Delta Air Lines* case involved a summary judgment motion. There we recited the various principles adverse to movant when dealing with this procedure such as burden of proof, inferences, and construction of evidence. Many of our opinions on summary judgments have stated that these principles require denial of summary judgment when a contrary ruling might result if the court were passing upon a motion for directed verdict. The principle which is applicable when dealing with motions for directed verdict is that the evidence must be construed in its light most favorable to the adverse party in determining whether a verdict is demanded. *Reiss v. Howard Johnson, Inc.,* 121 Ga. App. 119 (173 SE2d 95). Our review of the transcript here has been in conformance with that requirement and has brought us to conclude the trial court was correct in overruling defendant's motion.

3. Appellant's attorney astutely argues that "the distraction doctrine" does not apply to a dialogue on the basis that conversations cannot be characterized as a "disturbing situation" or "sudden and adequate disturbing cause." These quoted phrases are taken from 57 AmJur2d 730, Negligence, § 329. It is there recognized by the editors that such strict test is not generally applied. Our review of the Georgia cases shows that we have not required the existence of an emergency situation as is implicit in those phrases. Such review begins chronologically with *Miller v. Bart,* 90 Ga. App. 755 (84 SE2d 127) as being the first of the decisions in which conversation was considered a distraction

element in a fall-down case. There this court regarded the defendant's dialogue to be a diversion similar to a window display which served to attract plaintiff's attention in *Glover v. City Council of Augusta,* 83 Ga. App. 314 and *Mason v. Frankel,* 49 Ga. App. 145 (174 SE 546). Then in *Butts v. Academy of Beauty, Inc.,* 117 Ga. App. 222 (160 SE2d 222) the plaintiff's distraction occurred when the beautician called to her with a request for another appointment which caused her to turn her head towards the speaker resulting in a fall by reason of a difference in floor levels.

The next case was *J. C. Penney Co. v. Knight,* 119 Ga. App. 70 (166 SE2d 434) where the distraction remark from the defendant's employee was "Merry Christmas." In *LaBranche v. Johnson,* 127 Ga. App. 244 (193 SE2d 228) the contents of the dialogue are not described but the court's ruling was on the basis that the defendant created the distraction by talking at the moment when plaintiff had opened a door that was at the top of a flight of stairs.

We have already cited *Gray v. Delta Air Lines, Inc.,* 127 Ga. App. 45, supra, as being a case similar in facts to that at bar in that we ruled the case was for jury determination when the Delta Air Lines ticket agent had created the distraction in asking plaintiff to present her identification and thereafter in directing her to come closer with the result that she fell over an obstruction seven inches in height.

The only case we have found in which our court ruled a conversation was not a sufficient distraction was *Slaughter v. Slaughter,* 122 Ga. App. 374 (177 SE2d 119). The facts there differ from those at bar in that the plaintiff's "attention was directed to the very direction in which she was walking, and she was not relieved of the duty of avoiding a large, familiar, and conspicuous object in her path " (p. 379), the object being a large footstool. In the instant case the instruction to step backwards coupled with the attendant circumstances of the defendant's employee having left the floor safe open in violation of the company's instructions known to plaintiff warranted submission to the jury of the plaintiff's exercise of ordinary care.

4. Appellant argues that the case sub judice is also controlled by application of the rule that "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal." (See *Chandler v. Gately,* 119 Ga. App. 513, 519 (167 SE2d 697) for an interesting discussion of the history and impact of this principle.) Quoting from testimony given by her during a

cross examination deposition, appellant argues that plaintiff admitted both that she knew appellants' employee was opening the safe behind her and that if she had looked around before she backed up, she could have seen the open hole and the safe top. Examination of the transcript discloses, however, that these admissions must be considered in the light of the "distraction" created by defendant's employee.

In dealing with this question of a diversion element in *Stuckey's Carriage Inn v. Phillips,* 122 Ga. App. 681 (178 SE2d 543) this court cited four cases, all of which coincidentally involved municipalities. These are *City of Rome v. Phillips,* 37 Ga. App. 299 (2) (139 SE 828); *Glover v. City Council of Augusta,* 83 Ga. App. 314 (63 SE2d 422); *City Council of Augusta v. Hood,* 95 Ga. App. 259 (97 SE2d 639); and *City of Albany v. Humber,* 101 Ga. App. 276 (113 SE2d 635). One of those four, *City Council of Augusta v. Hood,* is similar to our case in that it dealt both with a directed verdict motion and construction of a party's testimony in his own behalf. It also included plaintiff's knowledge of a defect — holes in the street. Affirming a verdict for plaintiff, the court's conclusion was stated at page 261 in these words: "[E]ven construing her testimony most strongly against her, [so that] she would have seen the defect which caused her to fall if she had looked at it, this court cannot say, as a matter of law, that such failure to look at it in lieu of watching traffic [this was the "distraction"] while crossing a street amounted to such negligence as would demand a finding that she was not exercising ordinary care for her own safety when she was allegedly injured."

5. In short, the controlling principles in the case at bar are those often stated rules: (1) "Questions as to contributory negligence and comparative negligence, where that rule is properly involved, are peculiarly for determination by the jury. [Cit.]." *Greene v. Helms,* 115 Ga. App. 447, 451 (154 SE2d 892). (2) "Where reasonable minds might disagree as to whether the alleged negligence of the plaintiff is of a character to preclude her recovery and to stand itself as the proximate cause of her injuries, this is a matter for the jury to determine." *Lassiter v. Poss,* 85 Ga. App. 785 (1b) (70 SE2d 411); *Stapleton v. Amerson,* 96 Ga. App. 471, 473 (100 SE2d 628). See also *Knowles v. Larue,* 102 Ga. App. 350 (116 SE2d 248); *LaBranche v. Johnson,* 127 Ga. App. 244 (193 SE2d 228); *Lane Drug Stores v. Brooks,* 70 Ga. App. 878 (29 SE2d 716).

6. The second enumeration of error contends the portion of the charge on aggravation of injury was not supported by the evidence.

"[A] charge is proper if there is any evidence authorizing it. *Willis v. Willis,* 18 Ga. 13." *Bowie Martin, Inc. v. Dews,* 73 Ga. App. 73, 76 (35 SE2d 577).

Plaintiff testified she was diabetic. In her original operation for the injuries resulting from her fall a Jewett nail was used to fix her broken hip. Thereafter she had a fever and a recurrence of drainage which brought about two infections and necessitated another operation for removal of the nail after a lapse of five months. Such second operation for removal of the nail is not ordinarily done. The evidence indicated it was caused in the instant situation by reason of diabetics being unable to combat infection as readily as non-diabetics. A partial permanent disability to plaintiff's hip resulted from the scarring of the infection, which handicapped plaintiff in her occupation as a taxicab driver. Her doctor's testimony, taken by deposition, supported her testimony. The evidence therefore warranted the inclusion of a charge on aggravation of injury.

"The sick or diseased, as well as the healthy, may recover for injuries proximately caused by the negligence of another. The recovery may be not only for those independent of, but also in aggravation of, such sickness or disease." *Whatley v. Henry,* 65 Ga. App. 668 (4) (16 SE2d 214).

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs in the judgment.*