## 63987. BACKER v. PIZZA INN, INC.

QUILLIAN, Chief Judge.
This is an action to recover for negligent injury.
Appellant Backer went to appellee Pizza Inn to pick up a pizza he had ordered. Appellee's parking lot had a line of railroad cross-ties in front of the building to serve as a parking barrier. Cars parked perpendicular to the ties which prevented car wheels from going beyond the line of ties. The ties were dark in color, the front ends of cars projected over them when parked and the area was not well lighted. Appellant had been to appellee's pizzaria once before in

daylight and was aware of the line of ties. On the night he was injured he saw the ties illuminated by his headlights when he parked his car with the front wheels against a tie. When he got out of his car to get the pizza, he stepped over a tie. When he came back to his car with the pizza, he tripped on a tie, fell and broke his kneecap. The trial court granted appellee's motion for directed verdict from which this appeal is taken. *Held:*

Appellant was an invitee on appellee's premises. The owner of premises has the duty to keep them in a safe condition for invitees. *Burger Barn v. Young,* 131 Ga. App. 828, 829 (207 SE2d 234). However, an owner is not an insurer of an invitee's safety. *Watson v. C & S Bank,* 103 Ga. App. 535, 536 (120 SE2d 62). The basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury. *Sutton v. Sutton,* 145 Ga. App. 22, 25 (243 SE2d 310).

" 'The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and "has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein." 2 Restatement, Law of Torts, § 343. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition.' Under the conditions here set out, a person acting in the exercise of ordinary care for his own safety should have been aware that such a hazard to walking . . . would be likely to exist, and should have accordingly exercised ordinary care to avoid it . . . Her means of knowledge being equal with that of the defendant, it follows that she has failed to show a right of recovery based upon the acts of negligence alleged." *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903, 906-907 (81 SE2d 721).

In the instant case the evidence is clear that appellant has as much knowledge of the existence of the row of ties as appellee did. Accordingly, appellant should have been aware that the ties were a hazard to walking and should have exercised ordinary care to avoid them. Appellant's knowledge being equal to that of appellee, appellant has failed to show a right to recover. There was no error in directing the verdict. Compare, *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903, supra; *Ely v. Barbizon Towers,* 101 Ga. App. 872 (115 SE2d 616); *Pound v. Augusta Nat., Inc.,* 158 Ga. App. 166 (279 SE2d 342).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

Decided June 22, 1982.

*Alan C. Manheim,* for appellant.
*Charles E. Walker,* for appellee.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

