## 64457. WRIGHT v. PIGGLY WIGGLY SOUTHERN, INC.

CARLEY, Judge.

Plaintiff-appellant is an invitee who tripped and fell over a bicycle located on business premises. He appeals from the grant of summary judgment to the defendant-appellee, the proprietor of the business.

The evidence is uncontroverted. Appellant drove to appellee's store to purchase an item. Appellant stepped up from the parking lot to the sidewalk at a distance of approximately thirty to forty feet from the entrance to appellee's store. At this time, he "cast [his] eyes" upon "specials" advertised in the window of the store. After proceeding down the sidewalk to a point approximately fifteen feet from the store entrance, he observed three bicycles blocking the entrance. Appellant approached and walked around two of the bicycles. He then attempted to step over the wheel of the third bicycle when he caught his foot, fell, and was injured.

Appellant first contends that, under the evidence, it remained for the jury to determine whether he was "distracted" by "specials" advertised in the window of appellee's store and whether such "distraction" was the proximate cause of his injury. The rationale of the "distraction" cases " 'lies in the rule that, where a proprietor owes a duty to its invitees to keep the premises in a safe condition for their passage, the setting up of a distraction, by sign or conduct, which will so divert the customer's attention as to be the proximate cause of his injury in colliding with what might otherwise be a patent and even safe appurtenance, may constitute actionable negligence on the part of the defendant.' " *Jackson Atlantic, Inc. v. Wright,* 129 Ga. App. 857, 859 (201 SE2d 634) (1973). The question in the instant case thus becomes whether a genuine factual issue regarding "distraction" exists where advertisements in a store window are first noticed by an individual from some thirty to forty feet away, he proceeds down the sidewalk fifteen more feet, observes an obstruction another fifteen feet away, and then falls when attempting to negotiate the obstruction.

In some cases, a window display has been held to be sufficiently distracting so as to constitute the proximate cause of injuries sustained in a collision with an otherwise patently observable obstruction. However, those cases differ greatly from the present case. In *Mason v. Frankel,* 49 Ga. App. 145 (174 SE 546) (1934), the plaintiff was distracted momentarily, by, among other things, signs in defendant's window so that she could not have seen, and, in fact, did not see the obstruction. And in *Glover v. City Council of Augusta,* 83 Ga. App. 314 (63 SE2d 422) (1951) the plaintiff, distracted by a

display window, was injured when she tripped over a parking sign which she apparently had no opportunity to notice. Other "distraction" cases have also necessarily involved disturbances which caused the plaintiff to be totally unaware of the obstacle or, at least distractions which occurred suddenly at the very time the plaintiff was negotiating an obstacle. See *Gray v. Delta Air Lines,* 127 Ga. App. 45 (192 SE2d 521) (1972), *LaBranche v. Johnson,* 127 Ga. App. 244 (193 SE2d 228) (1972), *Butts v. Academy of Beauty,* 117 Ga. App. 222 (160 SE2d 222) (1968).

Under the undisputed evidence in the instant case, appellant was not so distracted that he *never* saw the bicycles, nor, according to his own testimony, was he distracted at the moment he was negotiating the observed obstacle. Therefore, appellee's window display was not, as a matter of law, a distraction constituting the proximate cause of the injuries appellant sustained in falling over the bicycle.

Appellant also argues that whether appellant was or should have been aware of the danger of the bicycle is a question for the jury. This argument must be resolved adversely to appellant by our recent holding in *Backer v. Pizza Inn,* 162 Ga. App. 682 (292 SE2d 562) (1982), where appellant stepped over a railroad tie serving as a parking barrier while entering appellee's business premises but tripped over it and injured himself while exiting. "In the instant case the evidence is clear that appellant [had] as much knowledge of the existence of the row of ties as appellee did. Accordingly, appellant should have been aware that the ties were a hazard to walking and should have exercised ordinary care to avoid them." *Backer,* 162 Ga. App. at 683, supra. There being no genuine issue of material fact, the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

Decided November 4, 1982.

*Edward E. Boshears, Richard L. Parker,* for appellant.
*Wallace E. Harrell, James E. Graham,* for appellee.