68846. KNIGHT v. WESTERN INTERNATIONAL HOTELS (MARKETING) COMPANY et al.
(323 SE2d 914)

BIRDSONG, Presiding Judge.

Summary Judgment — Slip and Fall. Prior to 1975, Western International Hotels (Marketing) Company d/b/a Peachtree Plaza Hotel built the Peachtree Plaza Hotel. As part of the construction, the contractor J. A. Jones Construction Company built a driveway crossing a sidewalk which ran alongside the north wall of the hotel. This driveway was to accommodate delivery vehicles delivering merchandise to the hotel. Where the drive intersected the walk, there was a slope or roll from the walk dropping approximately three and one-half inches on either side to the level of the drive so that vehicles could cross the walk without jolting up over the curb of the sidewalk. At some point in time, Peachtree Plaza caused the roll on either side of the drive to be painted yellow. The sidewalk was inspected by the City of Atlanta sometime prior to January, 1976, and no complaint was made as to design or safety. In January 1976, Peachtree Plaza accepted occupancy of the hotel from Jones Construction and also assumed responsibility for upkeep of the sidewalk.

On October 14, 1980, Mrs. Knight, while attending a convention in Atlanta, was walking with her husband alongside the north side of the Peachtree Plaza in a westerly direction going down the incline toward Spring Street. She was talking with her husband when her heel struck the roll of the driveway edge, causing her to stumble and fall from which she suffered certain injuries.

Mrs. Knight brought suit against the City of Atlanta for negligent construction and maintenance of the sidewalk. After discovery, the City of Atlanta moved the trial court for summary judgment contending it had not been aware of any defect, had no responsibility for

the upkeep of that particular sidewalk and denied any liability. The trial court granted Atlanta summary judgment on March 15, 1982, and amended its order granting summary judgment on April 21, 1982. The initial basis of the court's order was that there was no evidence showing the city was aware of any defect. On motion for rehearing, the trial court added to its order, concluding additionally there was no evidence of a defect at all and that the condition present at the intersecting drive and sidewalk was nothing more than a roll or slope from the edge of the sidewalk to the level of the drive and that the degree of slope was caused or determined by the grade of the land itself which was at a downward angle. The court acknowledged that the roll or slope had been painted yellow but that the paint had faded. The trial court concluded there had been no evidence to establish any defect. In substance, the court concluded the physical makeup of the drive where it intersected the sidewalk presented nothing more than an ordinary hazard ordinarily encountered when walking down a street, which ordinary hazard was as apparent to a pedestrian as to the one who maintained the sidewalk-drive. There was no appeal from this grant of summary judgment to the City of Atlanta.

Subsequently, Mrs. Knight brought suit against the Peachtree Plaza and Jones Construction urging negligence on the part of Jones in the construction of the sidewalk-drive and on the part of Peachtree Plaza in maintenance of the drive. After discovery, the hotel and construction company moved the same trial court as in the City of Atlanta's case for summary judgment, contending that the doctrine of binding precedent applied. Mrs. Knight argued that the doctrine should not be applied because she had presented additional evidence by an expert to the effect that the drop of three and one-half inches exceeded permissible limits and the paint had so faded as to cause a hidden defect (mantrap) in that it tended to conceal the roll or slope as well as its height. The trial court applied the law of binding precedent and granted the hotel and Jones summary judgment. Mrs. Knight argues now that the court erred in disregarding or misconstruing the evidence of her expert, contending that this unrebutted evidence created questions of fact. She also argues that by using her own evidence to defeat her opposition to the motion for summary judgment and granting the motion after considering the expert's opinions, the trial court in substance shifted the burden in its summary judgment considerations. *Held*:

This court recently considered and applied the doctrine of binding precedent: "Succinctly stated, that doctrine provides where the issue of liability has previously been adjudicated with negative results for a party contending for the same rights in subsequent litigation, the former judgment, although not res judicata, estoppel by judgment nor collateral estoppel as to the present action because the parties are

different, does constitute binding precedent, inasmuch as the controlling issue . . . has already been adjudicated under substantially similar allegations." *Lowe Engineers v. Royal Indem. Co.*, 164 Ga. App. 255, 259 (297 SE2d 41).

In the previous adjudication of the issue of liability between Mrs. Knight and the City of Atlanta, the trial court made a positive finding that the roll or slope of the edge of the drive was controlled by the slope of the land and that the depth of the roll of three and one-half inches, painted a faded yellow, did not make the roll or slope of the drive a defect. The court likewise in effect found that Mrs. Knight was as aware of the edge of the drive as was the City of Atlanta and the drive presented no unforeseen hazard or other condition that a normal walk along another sidewalk would not present. In the absence of an appeal, these facts became the incontrovertible facts of the case. These are the identical issues presented in the second suit. The only difference relating to these facts is one of shading wherein the expert disagreed with the unappealed findings of the trial court, in that in the opinion of the expert the faded paint and extent of slope (i.e., three and one-half inches) exceeded safe or acceptable depth or visibility. However, this merely more fully described the same conditions the trial court had previously found not to amount to a defect. Thus the trial court in the second suit properly concluded that even considering the opinions of the expert, there was no new evidence to overcome the previously adjudicated and unappealed fact that those conditions did not constitute a defect. There being no defect, the trial court properly concluded that Mrs. Knight caused her own injuries. We find no error in the grant of summary judgment.

*Judgment affirmed. Carley and Beasley, JJ., concur specially.*

DECIDED NOVEMBER 16, 1984.

*Richard J. Cabaniss*, for appellant.
*Gregory T. Presmanes, William Lewis Spearman*, for appellees.

CARLEY, Judge, concurring specially.

While I agree with the result reached by the majority, I simply cannot endorse the application of what has been called the doctrine of "binding precedent" to this case. In the former suit by the plaintiff against the City of Atlanta, the elements of the cause of action against the defendant as a municipality were entirely different from those relevant to the captioned case. In the case of *Lowe Engineers v. Royal Indem. Co.*, 164 Ga. App. 255 (297 SE2d 41) (1982), relied upon by the majority, this court used the "binding precedent" terminology. However, the result in *Lowe* was mandated by application of the es-

tablished doctrine of estoppel by judgment. In the case at bar, it is clear that there is no identity of issues or parties and neither res judicata nor estoppel by judgment can apply.

However, as did the trial judge, I find from a review of the record that there are no genuine issues of material fact and that the appellees were entitled to judgment as a matter of law. Accordingly, I concur in the judgment.

I am authorized to state that Judge Beasley joins in this special concurrence.