70199. BELL v. ABERCORN TOYOTA, INC.
(333 SE2d 880)

CARLEY, Judge.

The business premises of appellee-defendant Abercorn Toyota, Inc. face Abercorn Street. To the left side of the sales building is a drive which leads through a gateway into a fenced area at the rear of the premises. The drive is bounded on the right by a sidewalk immediately adjacent to the sales building. On November 10, 1982, as one turned off Abercorn Street into the drive and headed toward the service area at the rear of the sales building, there was a raised speed breaker which was the same color as the asphalt drive. In addition to being unpainted, the speed breaker was not otherwise marked to distinguish it from the drive. The speed breaker extended across the entire width of the drive and was apparently without defect in construction. The speed breaker also was of uniform width and height throughout its length.

On the morning of November 10, appellant-plaintiff Mrs. Mildred Bell drove her Toyota to appellee's place of business and turned into the drive leading toward the service area in the rear of the sales building. She observed the speed breaker as she drove toward the gate and she slowed to cross over it. She remembered her car bumping over that breaker as well as at least one other after she drove through the gate. A friend who had followed appellant remained at the head of the drive and to the side of the sales area. Appellant left her Toyota in appellee's service department and walked back up the drive toward the place where her friend was waiting, crossing over both speed breakers without incident. After she got into her friend's car, appellant realized that she had not obtained the phone number of the service department. She got out of her friend's car and, rather

than walking directly down the drive to the service department, she decided to get the information in the sales building. To reach the side door of the sales building, she had to use the sidewalk that was adjacent to the side of the sales building. Appellant's path to the sidewalk was down as well as across the drive and thus at an oblique angle to the first speed breaker. She looked down as she approached the sidewalk but failed to notice that the point at which she would reach the sidewalk was also the point at which the speed breaker intersected the sidewalk. As appellant stepped up to the sidewalk, she stubbed her foot on the unseen raised speed breaker and fell forward striking her knee on the edge of the sidewalk. She sustained a serious injury.

Appellant brought the instant suit, alleging negligence on the part of appellee in failing to paint the speed breaker a different color or in otherwise failing to call attention to the potential hazard that it presented. Appellant maintained she did not see the speed breaker because it was the same color as the other asphalt and because the sales room was attractively arranged so as to distract her attention. Appellee moved for summary judgment based upon appellant's equal knowledge of the hazard. The trial court granted summary judgment in favor of appellee and this appeal followed.

Two elements must exist in order for an invitee to recover for a proprietor's negligent failure to maintain safe premises: (1) fault on the part of the proprietor; and (2) ignorance of the danger on the part of the invitee. The basis of the proprietor's liability thus is founded in his superior knowledge. If the invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor. By voluntarily acting in view of that knowledge, the invitee assumes the risk and dangers incident to the known condition. *Tect Constr. Co. v. Frymyer*, 146 Ga. App. 300, 302 (246 SE2d 334) (1978).

Appellee relies upon *Backer v. Pizza Inn*, 162 Ga. App. 682 (292 SE2d 562) (1982) as authority for the grant of summary judgment in its favor based upon appellant's equal knowledge. There is, however, a significant factual distinction between *Backer* and the instant case. In *Backer*, there was no difference between the way the cross ties were situated at the point where the plaintiff stepped over them and at the point where he later tripped and injured himself. In this case, however, the point at which appellant crossed the speed breaker by car and by foot prior to falling was some distance away from the point of her subsequent injury, which was at the *juncture* of the speed breaker with the sidewalk. The speed breaker was the same color as the other asphalt and she actually tripped on the speed breaker as she attempted to get on the sidewalk, not — as on the two previous occasions — as she simply crossed *over* the speed breaker.

" '[K]nowledge of defect' should not be confused with 'knowledge of danger.' [Cit.]" *Firestone Service Stores v. Gillen,* 58 Ga. App. 782, 787 (199 SE 853) (1938). As was true in *Gillen,* "we can not say under these circumstances that a conclusion, as a matter of law, is demanded that the plaintiff should have had a full appreciation of the danger, and that in the exercise of ordinary care she should have avoided the injury herself. This, we think, is a question for the jury." *Firestone Service Stores v. Gillen,* supra at 787. The trial court erred in granting summary judgment in favor of the appellee on the basis of appellant's equal knowledge. See *Robinson v. Western Intl. Hotels Co.,* 170 Ga. App. 812 (318 SE2d 235) (1984).

*Judgment reversed. Banke, C. J., McMurray, P. J., Pope and Benham, JJ., concur. Deen, P. J., Birdsong, P. J., Sognier and Beasley, JJ., dissent.*

BIRDSONG, Presiding Judge, dissenting.

Inasmuch as I conclude that the "issue of fact" in this case as expounded by the majority is more in the realm of conjecture than based in reality, I must respectfully enter my dissent in this "don't look and fall" case.

The duty of care owed by a patron to his invitee is the same duty of care in keeping premises safe which a master owes to his servant. Two elements must exist in order for an invitee to recover for a proprietor's negligent failure to maintain safe premises: (1) fault on the part of the proprietor; and (2) ignorance of the danger on the part of the invitee. This test is recognized and accepted by the majority. The basis of the proprietor's liability thus is founded in his superior knowledge. If the invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor. By voluntarily acting in view of that knowledge, the invitee assumes the risk and dangers incident to the known condition. *Tect Constr. Co. v. Frymyer,* 146 Ga. App. 300, 302 (246 SE2d 334). The facts of this case reflect that Mrs. Bell had just a few minutes earlier and notwithstanding its uniform color with the underlying asphalt admittedly had seen the speed breaker and in deference to its impeding purpose, slowed down as she drove over it, and even remembered feeling the bump when she drove over it. A few minutes later she walked directly past (and stepped over) the same raised speed breaker without difficulty. Then a few moments later she walked a second time alongside the breaker to its juncture with the curb, looked down to ascertain her footing as she stepped up on the curb, and yet this third time neglected to compensate in her stepping for what she had twice before seen and for which she had already compensated. She seeks now to shift her own negligence on this third

crossing manifested by her failure to step high enough to clear the elevation of the breaker as she crossed it to the host, Abercorn. We cannot help but conclude that Mrs. Bell had as much knowledge of the speed breaker as did Abercorn Toyota. It is to absolutely ignore the facts to conclude that Mrs. Bell might not have seen or even been aware that the speed breaker presented a slight impediment to walking just because she crossed the uniformly sized and shaped and colored impediment at a point a few feet removed from the point she had twice before crossed over with full knowledge of its presence, thus excusing her from exercising ordinary care to avoid that which occurred, tripping over the raised breaker. I would conclude that Mrs. Bell's knowledge was the equal of that of Abercorn Toyota; therefore, Mrs. Bell has failed to show a right to recover. *Backer v. Pizza Inn*, 162 Ga. App. 682, 683 (292 SE2d 562).

Mrs. Bell seeks to avoid the consequences of her own negligence by arguing there were no special markings on the breaker such as being painted a different color nor was there a warning about the dangers of the breaker. As the facts show, however, there is no real dispute that Mrs. Bell was well aware of the presence of the breaker and that she simply failed to observe what was fully observable and apparent. Moreover, we can find no requirement that a proprietor paint something as commonplace and readily observable as a breaker a different color. See *Knight v. Western Intl. Hotels*, 172 Ga. App. 630, 632 (323 SE2d 914); *Angel v. Varsity*, 113 Ga. App. 507, 508 (148 SE2d 451). Likewise, Mrs. Bell sought to show that she was distracted by the attractive displays in Abercorn's display window. The rationale of distraction cases operates when the proprietor sets up a distraction which so diverts the customer's attention as to be the proximate cause of the injury by what otherwise might well be a patent and safe appurtenance. *Jackson Atlantic v. Wright*, 129 Ga. App. 857, 859 (201 SE2d 634). The key inquiry is whether the window so distracted Mrs. Bell that the diversion caused her not to remember or to take precaution for that which admittedly she had already seen. The facts belie the contention. Mrs. Bell admits she looked down (and away from the window) to step up to the sidewalk as she approached the curb. Thus, it is manifest the distraction of the attractive window was not that which caused her injury. *Wright v. Piggly Wiggly Southern*, 164 Ga. App. 293 (297 SE2d 75).

Aside from ignoring the patently demanded conclusion that Mrs. Bell was equally as aware of the presence of the speed breaker as was Abercorn, thus eliminating superior knowledge by Abercorn and ignorance by Bell, the requirement placed upon Abercorn to paint the breaker (a practice apparently not uniformly observed) or to place some sort of warning of an otherwise clearly discernible and observable hazard for all invitees, in effect makes Abercorn (as well as all

similar merchants) insurers of their invitees. The implication is that if there is even the slightest of hazards, regardless of how apparent to the casual observer, if the hazard (and thus all hazards known or unknown) is not especially called to the attention of the invitee, the host insures the safety of the invitee and only because of the existence of the hazard. According to the majority, its awareness to the invitee can always be made a question of fact for the jury. I am not willing to go so far as to find a question of fact where none exists or to place a burden on a merchant that may be impossible to meet.

Moreover, the result reached by the majority not only ignores, but emasculates, the law of summary judgment. While it is true that issues of negligence normally are for the jury, where the facts are inescapable that the injured party ignored her own safety by failing to use even before she had exercised appropriate caution, the trial court was presented with facts that authorized and even demanded resolution of the controversy by means of summary judgment. See *Browning v. Sears, Roebuck & Co.*, 173 Ga. App. 898, 900 (328 SE2d 580); *Wakefiled v. A. R. Winter Co.*, 121 Ga. App. 259, 260 (174 SE2d 178).

Accordingly, I would conclude there were no genuine issues of fact and the trial court correctly granted summary judgment to Abercorn.

I respectfully dissent. I am authorized to state that Presiding Judge Deen, Judge Sognier and Judge Beasley join in this dissent.

DECIDED JULY 11, 1985 —
REHEARING DENIED JULY 31, 1985 — ▮▮▮▮▮▮▮

*R. Wade Gastin*, for appellant.
*Joseph P. Brennan, Joseph A. Mulherin*, for appellee.