## 71511. JONES v. RICHARDSON et al.
(342 SE2d 12)

CARLEY, Judge.

Appellant brought suit to recover damages for injuries that she sustained when she drove her automobile into and over a painted concrete curb. The curb divided two adjacent parking lots, one of which belonged to appellee Richardson and the other to appellee Cox. This appeal is from the trial court's grant of summary judgment in favor of both appellees.

By appellant's own testimony, even though her vision had been unobstructed, she never saw the curb over which she drove her car. However, appellant also testified that, had she in fact been looking for the curb, she probably would have seen it. "[W]here [an obstruction] is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve him from the responsibility for his misadventure." *Moore v. Kroger Co.*, 87 Ga. App. 581, 583 (74 SE2d 481) (1953). It is appellant's assertion that the curb was not obvious and apparent to her and, because there was nothing which drew her specific attention to the obstacle, she simply failed to see it. However, a "cement separator" serving as "a divider or property boundary or the perimeter of various landscaping located upon [a] parking lot . . . can be anticipated by persons traversing a parking lot and . . . the maintenance of these structures does not constitute negligence." *McHugh v. Trust Co. of Ga.*, 102 Ga. App. 412, 413 (116 SE2d 512) (1960). "It follows that there is a duty on the part of parking lot users to anticipate the presence of parking dividers, day or night. [Cit.]" *Carmichael v. Timothy*, 104 Ga. App. 16, 18 (120 SE2d 814) (1961). This would be especially true where, as here, the parking lot user elected to follow what was her own "short cut" rather than to avail herself of a usual and available route for exit. See *Townsend v. Central Parking*, 118 Ga. App. 538 (164 SE2d 287) (1968).

The undisputed evidence shows that, for purely personal reasons, appellant became "distracted" by an event which was in no way connected with appellees. Because of this "distraction," she voluntarily determined to exit the parking lot by a "short cut" which was entirely of her own choosing. She did this without so much as anticipating

that, in so doing, she might encounter and should therefore guard against the possibility of running her car over a curb or other concrete divider. Compare *Bell v. Abercorn Toyota*, 175 Ga. App. 668 (333 SE2d 880) (1985) (while walking across a roadway in a normal fashion, plaintiff fell over an unpainted raised speedbreaker, which she had failed to see as the result of defendant's alleged distraction and despite having taken the initial precaution of looking "down as she approached. . . .") Under this state of the evidence, no genuine issue of material fact remained as to appellees' liability for the occurrence and the trial court did not err in granting summary judgment in their favor. See generally *McMullan v. Kroger Co.*, 84 Ga. App. 195 (65 SE2d 420) (1951); *McHugh v. Trust Co. of Ga.*, supra; *Sanders v. Jefferson Furniture Co.*, 111 Ga. App. 59 (140 SE2d 550) (1965); *Townsend v. Central Parking*, supra.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 25, 1986.

*John P. Batson*, for appellant.

*A. Rowland Dye, Jeffrey S. Gilbert, Patrick J. Rice, Beverly B. Carter*, for appellees.