75935. JOHNSON et al. v. T G & Y STORES COMPANY et al.
(370 SE2d 42)

MCMURRAY, Presiding Judge.

Plaintiff and her husband brought an action against T G & Y Stores Company ("TG&Y") and others seeking to recover damages resulting from injuries plaintiff wife allegedly sustained after she fell on the sidewalk outside a store owned and operated by TG&Y.

Upon defendants' motion for summary judgment, the undisputed facts revealed that plaintiff wife was walking to defendant TG&Y's store "between 1:30 and 2:00" during a sunny afternoon on April 13, 1986, when she tripped and fell on a "[s]lick and chipped up . . ." area of the sidewalk. In her deposition, plaintiff wife testified that there "wasn't no water or no nothing . . ." in the area where she fell, that the "chipped" area was between the edge of the sidewalk and the front entrance of TG&Y's store and that the sidewalk "was smooth at the door where you went in, but when you walked up to the sidewalk to go in, it was not [smooth]." Describing how she fell, plaintiff wife testified that "[w]hen [she] stepped up on the sidewalk, [she] made one step, started to make another one, that's when [her] foot slipped out from under [her and she fell]." Plaintiff also testified that she had visited TG&Y's store several times before her fall, observed the "chipped" area where she fell and affirmed on cross-examination that she had walked over the area "many times . . . [but] had never fallen there before . . ." However, plaintiff testified that she had "seen other people fall . . ." in the "chipped" area before her fall. The trial court granted defendants' motion for summary judgment, and this appeal followed. *Held*:

In their sole enumeration of error, plaintiffs contend the trial court erred in granting summary judgment in favor of defendants, arguing that a genuine issue of material fact remains as to whether she was distracted by merchandise placed on the sidewalk outside defendant TG&Y's store and whether these distractions were the proximate cause of her fall.

"The rationale of the 'distraction' cases ' "lies in the rule that,

where a proprietor owes a duty to its invitees to keep the premises in a safe condition for their passage, the setting up of a distraction, by sign or conduct, which will so divert the customer's attention as to be the proximate cause of his injury in colliding with what might otherwise be a patent and even safe appurtenance, may constitute actionable negligence on the part of the defendant." ' *Jackson Atlantic, Inc. v. Wright,* 129 Ga. App. 857, 859 (201 SE2d 634) (1973)." *Wright v. Piggly Wiggly Southern,* 164 Ga. App. 293 (297 SE2d 75). In the case sub judice, although plaintiff wife testified that she was looking at merchandise "[b]efore [she] stepped up [on the sidewalk]," she did not testify that she was distracted by merchandise on the sidewalk at the time of her fall. Consequently, since there is no evidence in the record to support plaintiff wife's claim of "distraction," the merchandise on the sidewalk outside TG&Y's store was not, as a matter of law, a distraction constituting the proximate cause of plaintiff's fall. Further, it is abundantly clear from the undisputed evidence that plaintiff wife had as much knowledge of the defective condition of the sidewalk as defendant did. " 'Accordingly, [plaintiff] should have been aware that the [condition of the sidewalk was] a hazard to walking and should have exercised ordinary care to avoid [it].' *Backer [v. Pizza Inn,* 162 Ga. App. 682, 683 (292 SE2d 562)]." *Wright v. Piggly Wiggly Southern,* 164 Ga. App. 293, 294, supra. See *Inglett v. Winn Dixie, Greenville,* 168 Ga. App. 192 (308 SE2d 587). There being no genuine issue of material fact, the trial court properly granted summary judgment in favor of defendants.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED MAY 31, 1988.

*W. Ralph Hill, Jr.,* for appellants.

*Henry C. Tharpe, Jr., M. Claire Chason, Thomas E. LeQuire,* for appellees.